JUDGE STANTON

**07 CIV 8814**

MARK K. SCHONFELD (MS-2798)
Regional Director
Attorney for Plaintiff
UNITED STATES SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center, Room 400
New York, New York 10281-1022
Tel.: 212-336-0084 (Graubard)
Fax: 212-336-1319
E-mail: graubardj@sec.gov

ECF CASE - LLS / HP



RECEIVED
OCT 12 2007
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | No. |
| Plaintiff, |  |
| - against - | **COMPLAINT** |
| JOSHUA S. SHAINBERG and LARYSSA SHAINBERG, |  |
| Defendants. |  |

Plaintiff United States Securities and Exchange Commission (the "Commission") alleges the following against defendants Joshua S. Shainberg and Laryssa Shainberg:

## SUMMARY

1. This action is brought to enforce a judgment obtained by the Commission against Joshua S. Shainberg in 2006. The judgment ordered Joshua S. Shainberg to pay disgorgement of his ill-gotten gains and prejudgment interest of $589,109.81 and a civil money penalty of $200,000. No portion of this judgment has been paid.

2. The Commission brings this action to set aside fraudulent transfers made by Joshua S. Shainberg to his wife Laryssa Shainberg. Joshua S. Shainberg made these fraudulent

transfers to Laryssa Shainberg after he had violated the federal securities laws, after he was

subpoenaed to provide documents and testimony in the Commission's non-public investigation

into such violations, after he had been notified that the Commission staff intended to recommend

that the Commission bring an enforcement action against him, and after the Commission had

sued Joshua S. Shainberg for violating provisions of the federal securities laws, seeking in that

action a judgment that Joshua S. Shainberg disgorge his ill-gotten gains and prejudgment interest,

and pay a civil money penalty.

3.      The Commission brought a civil injunctive action against Joshua S. Shainberg and

others in 1999. *SEC v. Curtis*, 99 Civ. 7357 (E.D.N.Y.) (the "Civil Injunctive Action"). In the

Civil Injunctive Action, the Commission alleged that Joshua S. Shainberg had violated the

antifraud provisions of the federal securities laws, specifically Section 17(a) of the Securities Act

of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), and Section 10(b) of the Securities Exchange Act

of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R.

§ 240.10b-5.

4.      After a jury trial, the Commission obtained a judgment against Joshua S.

Shainberg in the Civil Injunctive Action on March 9, 2006 (the "Judgment"). The Judgment

enjoined Joshua S. Shainberg from further violations of the antifraud provisions of the federal

securities laws. The Judgment also required Joshua S. Shainberg to disgorge his ill-gotten gains

of $288,832.45 and prejudgment interest of $300,277.36, for a total of $589,109.81, which

amount was a joint and several liability of Joshua S. Shainberg and co-defendant Michael Lipkin.

The Judgment further imposed a $200,000 civil money penalty on Joshua S. Shainberg.

5.    Joshua S. Shainberg has failed to pay any portion of the Judgment, and in addition co-defendant Michael Lipkin has failed to pay any portion of the Judgment, including the portion of the Judgment wherein co-defendant Michael Lipkin is jointly and severally liable together with Joshua S. Shainberg.

6.    In October 2001, while the Civil Injunctive Action was pending, Joshua S. Shainberg transferred a one-half interest in a cooperative apartment known as Apartment L-806, 385 Grand Street, New York, New York 10002 (the "Apartment") to Laryssa Shainberg and in April 2003, while the Civil Injunctive Action was pending, Joshua S. Shainberg transferred the remaining one-half interest in the Apartment to Laryssa Shainberg. The Apartment is more particularly described in Schedule 1 attached hereto.

7.    The transfers of the Apartment from Joshua S. Shainberg to Laryssa Shainberg were made by Joshua S. Shainberg while Joshua S. Shainberg was a defendant in the pending Civil Injunctive Action and with the actual intent of Joshua S. Shainberg to hinder, delay, or defraud the Commission in the enforcement of the Judgment or in the collection of the debt owed by Joshua S. Shainberg to the Commission, and Laryssa Shainberg did not provide fair consideration for the transfers of the Apartment to Joshua S. Shainberg.

8.    To the extent that the Judgment provides for Joshua S. Shainberg to pay disgorgement and prejudgment interest to the Commission, the transfer of the Apartment from Joshua S. Shainberg to Laryssa Shainberg is fraudulent as to the Commission pursuant to New York Debtor and Creditor Law ("NYDCL") §§ 273-a and 276.

9. To the extent that the Judgment provides for Joshua S. Shainberg to pay a civil money penalty, the transfer of the Apartment from Joshua S. Shainberg to Laryssa Shainberg is fraudulent as to the Commission pursuant to 28 U.S.C. § 3304(b)(1)(A).

## JURISDICTION AND VENUE

10. The Commission brings this action pursuant to Section 22 of the Securities Act, 15 U.S.C. § 77v, pursuant to Sections 21(e) and 27 of the Exchange Act, 15 U.S.C. §§ 78u(e) and 78aa, pursuant to 28 U.S.C. §§ 1331, 1337, and 1345, and pursuant to the provisions of the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. §§ 3001 *et seq.*

11. Venue lies in this District pursuant to Section 22 of the Securities Act, 15 U.S.C. § 77v(a), pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and pursuant to 28 U.S.C. §§ 1391(b) and 3004(b)(2), in that all defendants reside within the Southern District of New York, a substantial part of the events giving rise to the Commission's claim occurred within the Southern District of New York, and the Apartment is situated within the Southern District of New York.

## DEFENDANTS

12. **Joshua S. Shainberg**, age 51, resides at 385 Grand Street, Apartment L-806, New York, New York 10002. The Commission obtained the Judgment against Joshua S. Shainberg in the Civil Injunctive Action and the Judgment remains wholly unsatisfied.

13. **Laryssa Shainberg**, age 38, resides at 385 Grand Street, Apartment L-806, New York, New York 10002. Laryssa Shainberg married Joshua S. Shainberg on June 5, 1998.

## FACTS

**A.    Joshua S. Shainberg Violated the Federal Securities Laws, the Commission Investigated Such Violations, and the Commission Brought Suit Against Joshua S. Shainberg**

14.    In 1995, Joshua S. Shainberg violated the federal securities laws by selling securities to the investing public while not disclosing that he had received kickbacks for selling such securities.

15.    The Commission initiated a non-public investigation into these activities to determine whether there had been violations of the federal securities laws. *In the Matter of Trading in the Securities of Organogenesis, Inc. and Certain Other Issuers*, NY-6315 (the "Investigation").

16.    In the course of the Investigation, the Commission served a subpoena *duces tecum* on Joshua S. Shainberg dated August 6, 1996. In the subpoena *duces tecum*, the Commission specifically requested that Joshua S. Shainberg produce documents relating to, among other persons and entities:

a.    ICIS Management Group, Inc.; and

b.    Pedro Gomez.

17.    On September 5, 1996, Joshua S. Shainberg, pursuant to the subpoena *duces tecum,* gave sworn testimony to the Commission staff in connection with the Investigation. In his testimony in the Investigation, Joshua S. Shainberg was specifically asked questions concerning:

     a.     His relationship with the firm of Hubert-Rosche Securities Corporation, a branch of Securities Planners, Inc.;

     b.     His relationship with Pedro Gomez; and

     c.     His relationship with M. Rimson & Co.

18.     As a result of the Investigation, on August 7, 1997 the Commission staff provided Joshua S. Shainberg with a "Wells Notice" and the opportunity to make a "Wells Submission," which gives a potential defendant the opportunity to argue why the Commission ought not to initiate an enforcement action.

19.     In its August 7, 1997, Wells Notice addressed to counsel for Joshua S. Shainberg, the Commission staff stated that it would be recommending that the Commission bring an enforcement action against Joshua S. Shainberg based on his violations of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a) and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5. The Commission staff further informed counsel that the staff would recommend that the Commission in such enforcement action seek, in addition to injunctive relief, disgorgement from Joshua S. Shainberg of the proceeds of his illegal conduct, prejudgment interest, and a civil penalty.

20.     The Commission commenced the Civil Injunctive Action against a number of defendants, including Joshua S. Shainberg, in the United States District Court for the Eastern District of New York by filing a complaint on November 10, 1999. *SEC v. Grant R. Curtis, et al.*, 99 Civ. 7357.

21.     The Commission's complaint in the Civil Injunctive Action alleged that the defendants in the Civil Injunctive Action, including Joshua S. Shainberg, had engaged in a

fraudulent scheme to violate the federal securities laws. Specifically, the Commission's complaint alleged that between May 22, 1995, and June 15, 1995, Joshua S. Shainberg, then a registered representative associated with Hubert-Rosche Securities Corporation, a branch of Securities Planners, Inc., a registered securities broker-dealer, was paid undisclosed kickbacks for selling securities of ICIS Management Group, Inc. to the investing public. The complaint in the Civil Injunctive Action further alleged that these shares of ICIS Management Group, Inc. had been obtained from Pedro Gomez's account at M. Rimson & Co. The complaint in the Civil Injunctive Action charged Joshua S. Shainberg with violating the antifraud provisions of the federal securities laws, Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, in connection with the foregoing conduct.

22. The Commission's complaint in the Civil Injunctive Action sought the following relief as to Joshua S. Shainberg:

a. A final judgment permanently enjoining Joshua S. Shainberg from violating, directly or indirectly, Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5;

b. A final judgment requiring Joshua S. Shainberg to disgorge an amount equal to the funds and benefits he obtained illegally as a result of his violations of the federal securities laws and prejudgment interest on that amount; and

     c.     A final judgment imposing a civil penalty on Joshua S. Shainberg pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d).

23.     Joshua S. Shainberg was served with the summons and complaint in the Civil Injunctive Action on December 2, 1999.

24.     Following a jury trial, the Commission obtained the Judgment against Joshua S. Shainberg in the Civil Injunctive Action on March 9, 2006. The Judgment enjoined Joshua S. Shainberg from further violations of the antifraud provisions of the federal securities laws. The Judgment further required Joshua S. Shainberg to disgorge his ill-gotten gains of $288,832.45 and prejudgment interest of $300,277.36, for a total of $589,109.81, which amount was a joint and several liability of Joshua S. Shainberg and co-defendant Michael Lipkin. The Judgment further imposed a $200,000 civil money penalty on Joshua S. Shainberg.

25.     Joshua S. Shainberg has failed to pay any portion of the disgorgement, prejudgment interest, and civil money penalty imposed by the Judgment, and co-defendant Michael Lipkin has failed to pay any portion of the disgorgement and prejudgment interest that is a joint and several obligation of both Joshua S. Shainberg and co-defendant Michael Lipkin.

26.     The full amount of the disgorgement, prejudgment interest, and civil money penalty imposed by the Judgment, together with interest and fees thereon, remains wholly unsatisfied.

**B.**    <u>Joshua S. Shainberg Obtaind Equitable Ownership of the Apartment</u>

27.    As of October 19, 1975, Nuta Shainberg, Joshua S. Shainberg's father, owned 39 shares of stock of the Seward Park Housing Corporation ("Seward Park") and was the tenant under a proprietary lease for the Apartment, which was located in a building owned by Seward Park.

28.    Nuta Shainberg died on October 19, 1975 without leaving a last will and testament, survived by his wife, Rachael Shainberg, and by his three sons, Joshua S. Shainberg, Abraham Shainberg, and Morris Shainberg.  Rachael Shainberg died on March 18, 1990, without leaving a last will and testament.  Under the provisions of New York Estates, Powers, and Trusts Law ("EPTL") §§ 4-1.1(a)(1) and 4-1.1(a)(3), Nuta Shainberg's and Rachael Shainberg's property, including the Apartment, was, after Rachael Shainberg's death, vested one-third each in Joshua S. Shainberg, Abraham Shainberg, and Morris Shainberg.

29.    Prior to 2001 Abraham Shainberg and Morris Shainberg disclaimed any interest they may have had in and to the Apartment, making Joshua S. Shainberg the equitable owner of the Apartment.

30.    Any transfer of ownership of the Apartment was subject to the prior approval of the Seward Park Board of Directors.

**C.**    <u>Joshua S. Shainberg Claims to Have Entered Into an Alleged Pre-Nuptial Agreement With and Marries Laryssa Shainberg</u>

31.    Joshua S. Shainberg and Laryssa Shainberg, then Laryssa Shepherd, claim to have entered into an alleged pre-nuptial agreement purportedly dated January 1, 1997 (the "Pre-Nuptial Agreement").

32.    As of January 1, 1997, the purported date of the alleged Pre-Nuptial Agreement, Joshua S. Shainberg had actual knowledge that:

a.    Between May 22, 1995, and June 15, 1995, Joshua S. Shainberg had engaged in conduct which violated the federal securities laws, in that he was paid undisclosed kickbacks for selling securities of ICIS Management Group, Inc. to the investing public;

b.    The Commission was conducting the Investigation into possible violations of the federal securities laws by persons and entities including Joshua S. Shainberg; and

c.    Joshua S. Shainberg had been subpoenaed to produce documents and to give testimony in the Investigation, and had produced documents and given testimony in the Investigation.

33.    In the alleged Pre-Nuptial Agreement, the sole financial provision was the agreement of Joshua S. Shainberg to transfer the Apartment to Laryssa Shainberg upon Joshua S. Shainberg obtaining record title to the Apartment. Laryssa Shainberg did not provide any consideration in money or money's worth to Joshua S. Shainberg in the alleged Pre-Nuptial Agreement.

34.    The alleged Pre-Nuptial Agreement was a sham document, having the sole purpose of hindering, delaying, and defrauding Joshua S. Shainberg's creditors in the enforcement of their claims against him. Furthermore, to the extent that the alleged Pre-Nuptial Agreement may have conveyed any interest in Joshua S. Shainberg's property to Laryssa Shainberg, the alleged Pre-Nuptial Agreement was itself a fraudulent transfer as set forth below.

Finally, the alleged Pre-Nuptial Agreement, as a matter of law, did not provide fair consideration for the transfers from Joshua S. Shainberg to Laryssa Shainberg allegedly made pursuant to the terms of the Pre-Nuptial Agreement.

35.    On and after August 7, 1997, Joshua S. Shainberg had actual knowledge that the Commission was intending to bring an enforcement action against him, alleging that he had violated the federal securities laws, and seeking to have him disgorge his ill-gotten gains and prejudgment interest, and imposing a civil money penalty on him.

36.    Joshua S. Shainberg and Laryssa Shainberg were married on June 5, 1998.

**D.    Joshua S. Shainberg Obtained and Transfered Record Title to the Apartment**

37.    No later than and after December 2, 1999, Joshua S. Shainberg had actual knowledge that he had been sued by the Commission in the Civil Injunctive Action.

38.    In 2001, Joshua S. Shainberg requested that the Seward Park Board of Directors approve the transfer of record title to the Apartment from Nuta Shainberg, deceased, to Joshua S. Shainberg and his wife Laryssa Shainberg as joint tenants with right of survivorship.

39.    Although Joshua S. Shainberg had sole equitable title to the Apartment, Joshua S. Shainberg requested that the Seward Park Board of Directors give Laryssa Shainberg a one-half record ownership interest in and to the Apartment.  The Seward Park Board of Directors approved this application, and Joshua S. Shainberg and Laryssa Shainberg, as joint tenants with right of survivorship, obtained record title to the Apartment on October 16, 2001.

40.    Laryssa Shainberg did not provide any consideration to Joshua S. Shainberg for the transfer of a one-half interest in and to the apartment in 2001.

41.    In 2003, Joshua S. Shainberg and Laryssa Shainberg requested that the Seward Park Board of Directors permit the further transfer of the Apartment solely to Laryssa Shainberg. In support of this request, Joshua S. Shainberg represented to the Seward Park Board of Directors that he would take responsibility for all current and future expenses and costs relating to the Apartment. The Seward Park Board of Directors approved the 2003 application, and on or about April 3, 2003, Joshua S. Shainberg transferred his one-half interest in the Apartment to Laryssa Shainberg.

42.    Laryssa Shainberg did not provide any consideration to Joshua S. Shainberg for the transfer of a one-half interest in and to the Apartment in 2003.

43.    As a result of the 2001 and 2003 transfers of the Apartment from Joshua S. Shainberg to Laryssa Shainberg, Laryssa Shainberg became the sole owner of record title in and to the Apartment.

**E.    Laryssa Shainberg Obtained a Loan Secured by the Apartment and Purchased the Fallsburg Property with a Portion of the Loan Proceeds**

44.    On or about November 21, 2005, Laryssa Shainberg obtained a loan for $250,000, secured by the Apartment, from Emigrant Mortgage Company, Inc.

45.    On or about December 23, 2005, Laryssa Shainberg purchased the real property known as #57 Vacation Village Townhouse Road, Loch Sheldrake, New York 12759, situated in the Village of Loch Sheldrake, Town of Fallsburg, County of Sullivan, and State of New York (the "Fallsburg Property") from The Solomon Neugarten Living Trust - Solomon Neugarten and Joan Neugarten, Trustees, for consideration of $175,000. A full legal description of the Fallsburg Property is attached hereto as Schedule 2.

46.    Laryssa Shainberg used a portion of the proceeds obtained from the loan secured by the Apartment to purchase the Fallsburg Property.

## CLAIMS FOR RELIEF

### Count I

### Fraudulent Conveyance of the Apartment from Joshua S. Shainberg to Laryssa Shainberg in Violation of NYDCL § 273-a

47.    Paragraphs 1 through 46 are incorporated herein by reference.

48.    At the time Joshua S. Shainberg transferred or caused to be transferred to Laryssa Shainberg a one-half interest in and to the Apartment on or about October 16, 2001, and at the time Joshua S. Shainberg transferred or caused to be transferred to Laryssa Shainberg a one-half interest in and to the Apartment on or about April 3, 2003, Joshua S. Shainberg was a defendant in the Civil Injunctive Action, an action brought by the Commission and seeking money damages by way of disgorgement.

49.    The conveyance of a one-half interest in and to the Apartment from Joshua S. Shainberg to Laryssa Shainberg on or about October 16, 2001, and the conveyance of a one-half interest in and to the Apartment from Joshua S. Shainberg to Laryssa Shainberg on or about April 3, 2003, were made without fair consideration, as that term is defined by NYDCL § 272.

50.    To the extent that the transfers of the Apartment were allegedly made pursuant to the provisions of the alleged Pre-Nuptial Agreement, the alleged Pre-Nuptial Agreement was a sham document, was itself a fraudulent transfer, and, as a matter of law, did not provide fair consideration for the transfer of the Apartment from Joshua S. Shainberg to Laryssa Shainberg.

51.     On or about March 9, 2006, the Commission obtained the Judgment against

Joshua S. Shainberg, and the Judgment provided, in part, for the Commission to recover from

Joshua S. Shainberg disgorgement of his ill-gotten gains in the amount of $288,832.45 and

prejudgment interest of $300,277.36, for a total of $589,109.81, which amount was a joint and

several liability of Joshua S. Shainberg and co-defendant Michael Lipkin.

52.     The Judgment, to the extent it provides for the payment of disgorgement and

prejudgment interest, remains wholly unsatisfied, and the amount of $589,109.81, together with

post-judgment interest, remains due and owing.

53.     By reason of the foregoing, the October 16, 2001, and the April 3, 2003, transfers

each of a one-half interest in and to the Apartment from Joshua S. Shainberg to Laryssa

Shainberg violated NYDCL § 273-a, which provides: "Each conveyance made without fair

consideration when the person making it is a defendant in an action for money damages or a

judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that

action without regard to the actual intent of the defendant if, after final judgment for the plaintff,

the defendant fails to satisfy the judgment."

## Count II

### Fraudulent Conveyance of the Apartment from Joshua S. Shainberg to Laryssa Shainberg in Violation of NYDCL § 276

54.     Paragraphs 1 through 46 are incorporated herein by reference.

55.     To the extent that the transfers of the Apartment were allegedly made pursuant to

the provisions of the alleged Pre-Nuptial Agreement, the alleged Pre-Nuptial Agreement was a

sham document, was itself a fraudulent transfer, and, as a matter of law, did not provide fair

consideration for the transfer of the Apartment from Joshua S. Shainberg to Laryssa Shainberg.

Moreover, at the time Joshua S. Shainberg entered into the alleged Pre-Nuptial Agreement with

Laryssa Shainberg, Joshua S. Shainberg acted with the actual intent to hinder, delay, or defraud

the Commission in the enforcement of the Commission's claims against Joshua S. Shainberg for

violation of the federal securities laws.

56.     At the time Joshua S. Shainberg transferred or caused to be transferred to Laryssa

Shainberg a one-half interest in and to the Apartment on or about October 16, 2001, and at the

time Joshua S. Shainberg transferred or caused to be transferred to Laryssa Shainberg a one-half

interest in and to the Apartment on or about April 3, 2003, Joshua S. Shainberg acted with the

actual intent to hinder, delay, or defraud the Commission in the enforcement of the

Commission's claims against Joshua S. Shainberg for violation of the federal securities laws.

57.     The conveyance of a one-half interest in and to the Apartment from Joshua S.

Shainberg to Laryssa Shainberg on or about October 16, 2001, and the conveyance of a one-half

interest in and to the Apartment from Joshua S. Shainberg to Laryssa Shainberg on or about April

3, 2003, were made without fair consideration, as that term is defined by NYDCL § 272.

58.     To the extent that the transfers of the Apartment were allegedly made pursuant to

the provisions of the alleged Pre-Nuptial Agreement, the alleged Pre-Nuptial Agreement was a

sham document, was itself a fraudulent transfer, and, as a matter of law, did not provide fair

consideration for the transfer of the Apartment from Joshua S. Shainberg to Laryssa Shainberg.

59.     On or about March 9, 2006, the Commission obtained the Judgment against

Joshua S. Shainberg, and the Judgment provided, in part, for the Commission to recover from

Joshua S. Shainberg disgorgement of his ill-gotten gains in the amount of $288,832.45 and

prejudgment interest of $300,277.36, for a total of $589,109.81, which amount was a joint and several liability of Joshua S. Shainberg and co-defendant Michael Lipkin.

60.    The Judgment, to the extent it provides for the payment of disgorgement and prejudgment interest, remains wholly unsatisfied, and the amount of $589,109.81, together with post-judgment interest, remains due and owing.

61.    By reason of the foregoing, the October 16, 2001, and the April 3, 2003, transfers of a one-half interest in and to the Apartment from Joshua S. Shainberg to Laryssa Shainberg violated NYDCL § 276, which provides: "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."

### Count III

### Fraudulent Conveyance of the Apartment from Joshua S. Shainberg to Laryssa Shainberg in Violation of the FDCPA, 28 U.S.C. § 3304(b)(1)(A)

62.    Paragraphs 1 through 46 are incorporated herein by reference.

63.    To the extent that the transfers of the Apartment were allegedly made pursuant to the provisions of the alleged Pre-Nuptial Agreement, the alleged Pre-Nuptial Agreement was a sham document, was itself a fraudulent transfer, and, as a matter of law, did not provide fair consideration for the transfer of the Apartment from Joshua S. Shainberg to Laryssa Shainberg. Moreover, at the time Joshua S. Shainberg entered into the alleged Pre-Nuptial Agreement with Laryssa Shainberg, Joshua S. Shainberg acted with the actual intent to hinder, delay, or defraud the Commission in the enforcement of the Commission's claims against Joshua S. Shainberg for violation of the federal securities laws.

64.    At the time Joshua S. Shainberg transferred or caused to be transferred to Laryssa Shainberg a one-half interest in and to the Apartment on or about October 16, 2001, and at the time Joshua S. Shainberg transferred or caused to be transferred to Laryssa Shainberg a one-half interest in and to the Apartment on or about April 3, 2003, Joshua S. Shainberg acted with the actual intent to hinder, delay, or defraud the Commission in the enforcement of the Commission's claims against Joshua S. Shainberg for violation of the federal securities laws.

65.    On or about March 9, 2006, the Commission obtained the Judgment against Joshua S. Shainberg, and the Judgment provided, in part, for the Commission to recover from Joshua S. Shainberg a civil money penalty of $200,000.

66.    The Judgment, to the extent it provides for the payment a civil money penalty, remains wholly unsatisfied, and the amount of $200,000, together with post-judgment interest, remains due and owing.

67.    By reason of the foregoing, the October 16, 2001, and the April 3, 2003, transfers of a one-half interest in and to the Apartment from Joshua S. Shainberg to Laryssa Shainberg violated the FDCPA, 28 U.S.C. § 3304(b)(1)(A), which provides that "[A] transfer made or obligation incurred by a debtor is fraudulent as to a debt to the United States, whether such debt arises before or after the transfer is made or the obligation is incurred, if the debtor makes the transfer or incurs the obligation . . . with actual intent to hinder, delay, or defraud a creditor."

## RELIEF DEMANDED

WHEREFORE, the Commission demands:

A.     To the extent that the Judgment provides for Joshua S. Shainberg to disgorge his ill-gotten gains and to pay prejudgment interest, under NYDCL § 278 and the law of the State of New York, a judgment:

    1.     Setting aside the October 16, 2001, transfer of a one-half interest in and to the Apartment from Joshua S. Shainberg to Laryssa Shainberg;

    2.     Setting aside the April 3, 2003, transfer of a one-half interest in and to the Apartment from Joshua S. Shainberg to Laryssa Shainberg;

    3.     Allowing the Commission to levy execution on the Apartment;

    4.     To obtain judgment against Laryssa Shainberg and to execute such judgment against property of Laryssa Shainberg, including the Fallsburg Property, to the extent of the value of the Apartment or the amount of the debt of Joshua S. Shainberg to the Commission, whichever is less, to ; and

    6.     Granting the Commission such other and further relief, at law and in equity, as the Court may deem just and proper.

B.     To the extent that the Judgment provides for Joshua S. Shainberg to pay a civil money penalty, under the FDCPA, 28 U.S.C. §§ 3001 *et seq.*, a judgment:

    1.     Avoiding the October 16, 2001, transfer of a one-half interest in and to the Apartment from Joshua S. Shainberg to Laryssa Shainberg to the extent necessary to satisfy the civil money penalty pursuant to 28 U.S.C. § 3306(a)(1);

2.    Avoiding the April 3, 2003, transfer of a one-half interest in and to the Apartment from Joshua S. Shainberg to Laryssa Shainberg to the extent necessary to satisfy the civil money penalty pursuant to 28 U.S.C. § 3306(a)(1);

3.    Allowing the Commission to obtain a remedy under the FDCPA against the Apartment as the asset transferred and against other property of Laryssa Shainberg, including the Fallsburg Property, as transferee, pursuant to 28 U.S.C. § 3306(a)(2);

4.    Obtaining a judgment against Laryssa Shainberg to the lesser of the value of the Apartment transferred to Laryssa Shainberg or the amount of the debt owed to the Commission as a civil money penalty by Joshua S. Shainberg pursuant to 28 U.S.C. § 3307(b);

5.    Requiring the sale of assets pursuant to 28 U.S.C. § 3306(a)(3);

6.    To the extent applicable, to assess a surcharge against Joshua S. Shainberg and Laryssa Shainberg pursuant to 28 U.S.C. § 3011; and

7.    Granting the Commission such other and further relief, at law and in equity, as the Court may deem just and proper, pursuant to 28 U.S.C. § 3306(a)(3).

C.    By way of prejudgment remedies:

1.    To the extent that the Judgment provides for Joshua S. Shainberg to disgorge his ill-gotten gains and to pay prejudgment interest, an *ex parte* attachment of the interests of Joshua S. Shainberg and Laryssa Shainberg in and to the Apartment and the interest of Laryssa Shainberg in and to the Fallsburg Property pursuant to New York Civil Practice Law and Rules §§ 6201 *et seq*, or, in the alternative, the

Commission moves, if the Court does not issue an order of attachment *ex parte*, that the Court issue an order to show cause, requiring the defendants Joshua S. Shainberg and Laryssa Shainberg to appear and show cause, if any they have, why an order of attachment should not enter pursuant to CPLR 6212, and granting a temporary restraining order against the defendants Joshua S. Shainberg and Laryssa Shainberg transferring or encumbering the Apartment and the Fallsburg Property pending the hearing and determination of the motion for an order of attachment and, if the motion for an order of attachment is granted, continuing such temporary restraining order until such time as the United States Marshal makes an attachment of the Apartment and the Fallsburg Property; and

2.    To the extent that the Judgment provides for Joshua S. Shainberg to pay a civil money penalty, an *ex parte* attachment of the interest of Joshua S. Shainberg and Laryssa Shainberg in and to the Apartment and the interest of Laryssa Shainberg in and to the Fallsburg Property pursuant to 28 U.S.C. § 3101, *et seq.*

D.    To the extent necessary and proper, such other and further relief, at law and in

equity, and as provided by statute, as the Court may deem just and proper.

Dated:        New York, New York
              October 12, 2007

                                        _____
                                        MARK K. SCHONFELD (MS-2798)
                                        Regional Director
                                        Attorney for Plaintiff
Lee Bickley                             UNITED STATES SECURITIES AND
Jack Kaufman                            EXCHANGE COMMISSION
Bohdan Ozaruk                           New York Regional Office
John J. Graubard                        3 World Financial Center, Room 400
                                        New York, New York 10281-1022
                                        Tel.: 212-336-0084 (Graubard)
                                        Fax: 212-336-1319
                                        E-mail: graubardj@sec.gov

## SCHEDULE 1

All right, title, and interest in and to a certain apartment known as Apartment L-806 in the Building at street number 385 Grand Street, located in the State, City, and of New York, which is a portion of the cooperative housing development owned by Seward Park Housing Corporation, containing residential apartments and other spaces at the street numbers 208 / 210 / 212 / 264 / 266 / 268 East Broadway and 383 / 385 / 387 / 413 /415 / 417 Grand Street, as well as two separate commercial / retail buildings, one office building, a garage, sitting areas, playgrounds, parking areas, and related facilities, such right, title, and interest being represented by:

1.  A Proprietary Lease and House Rules between Seward Park Housing Corporation, as Lessor, and Laryssa Shainberg. as Lessee, dated April 3, 2003; and

2.  Certificate number 2695, representing 39 shares of capital stock of Seward Park Housing Corporation, dated April 3, 2003 and issued to Laryssa D. Shainberg.

## SCHEDULE 2

All that certain plot, piece, or parcel of land, situate, lying, and being in the Town of Fallsburg, County of Sullivan, State of New York, being more particularly described as Townhouse Block 9, Lot 57, as shown on a certain map dated January 23, 1985, by Silvers Engineering Associates, known as Vacation Village, Phase II Subdivision Plat (revised) filed in the Office of the Clerk of the County of Sullivan on July 15, 1986 as Map #4-156 and refilled in said office on May 25, 1989 in Dr. 25 as Map #1036A.

Said premises are also known and described as #57 Vacation Village Townhouse Road, Loch Sheldrake, New York 12759, and are located in the Village of Loch Sheldrake, Town of Fallsburg, County of Sullivan, and State of New York.

Being the same premises conveyed by Bargain and Sale Deed with Warranty Against Grantor's Acts by The Solomon Neugarten Living Trust - Solomon Neugarten and Joan Neugarten, Trustees, to Laryssa Shainberg, which deed is dated and acknowledged December 23, 2005, and which deed was recorded in the office of the Sullivan County Clerk at 11:19:25 a.m. on February 8, 2006 in Volume 3109 of Deeds at page 619, reference thereto being had.