MARK K. SCHONFELD (MS-2798)
Regional Director
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center, Room 400
New York, New York 10281-1022
Tel.: 212-336-0084 (Graubard)
e-mail: graubardj@sec.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : No. 07 Civ. 8814 |
| Plaintiff, | : |
| - against - | : **MOTION FOR *EX PARTE*** |
| | : **ATTACHMENT** |
| JOSHUA S. SHAINBERG and | : **(FED. R. CIV. P. 64,** |
| LARYSSA SHAINBERG, | : **NY CPLR §§ 6201 *ET SEQ.*)** |
| Defendants. | : |

      The plaintiff Securities and Exchange Commission (the "Commission") moves pursuant to Fed. R. Civ. P. 64 and New York Civil Practice Law and Rules ("CPLR") §§ 6201 *et seq.* for an *ex parte* order of attachment to the extent that this action seeks to recover on the Commission's claim for disgorgement and prejudgment interest.

      In support of this motion the Commission submits: (1) the Declaration of John J. Graubard ("Graubard Declaration") and attached exhibits; (2) a Memorandum of Law; and (3) a proposed Order of Attachment.

      The persons whose property is sought to be attached are Joshua S. Shainberg, of Unit L-806, 385 Grand Street, New York, New York 10002, and Laryssa Shainberg, of Unit L-806, 385 Grand Street, New York, New York 10002.

The property sought to be attached, as more specifically set forth in the Graubard Declaration, is (a) the interests of Joshua S. Shainberg and Laryssa Shainberg in and to a proprietary lease to a cooperative apartment known as Unit L-806, 385 Grand Street, New York, New York 10002, and 39 shares of stock of the Seward Park Housing Corporation appurtenant thereto, more particularly described on Schedule 1 attached hereto (the "Apartment"); and (b) the interest of Laryssa Shainberg in and to the property known as 57 Vacation Village Townhouse Road, Loch Sheldrake, New York 12759, more particularly described on Schedule 2 attached hereto (the "Fallsburg Property").

The Commission seeks an attachment in the amount of $621,226.81, which represents the amount owed by the defendant Joshua S. Shainberg as disgorgement, prejudgment interest, and postjudgment interest on a judgment rendered in favor of the Commission in the United States District Court for the Eastern District of New York on March 9, 2006. *SEC v. Curtis*, 99 Civ. 7357 (E.D.N.Y.).

The Commission represents that with respect to its claim against the defendant Joshua S. Shainberg for disgorgement and prejudgment interest it is entitled to an order of attachment under CPLR §§ 6201 *et seq.* because (a) the Commission's cause of action is based on a judgment of a court of the United States, CPLR § 6201(5); (b) the defendant Joshua S. Shainberg, with the intent to defraud his creditors, including the Commission, or to frustrate the enforcement of a judgment that might be rendered in the Commission's favor, has assigned, disposed of, encumbered or secreted property, and the defendant Laryssa Shainberg has received and continues to hold such property transferred by Joshua S. Shainberg, CPLR § 6201(3); (c) the Commission has asserted causes of action to recover fraudulent transfers made by Joshua S.

Shainberg to Laryssa Shainberg; (d) there is probable cause that the Commission will succeed on the merits on these causes of action; and (e) the Commission's claim exceeds all known counterclaims of the defendants.

The Commission represents that with respect to its claim against the defendant Joshua S. Shainberg for disgorgement and prejudgment interest the order of attachment should issue *ex parte* pursuant to CPLR § 6211(a), which provides that an order of attachment may be issued without notice provided that the plaintiff moves for confirmation of the order of attachment within five days of the levy. Because the defendant Joshua S. Shainberg previously engaged in fraudulent conduct, including the fraudulent transfer of the Apartment, and the defendant Laryssa Shainberg participated in the fraudulent transfer of the Apartment, an *ex parte* attachment will preclude the defendants from further transferring or encumbering the Apartment and the Fallsburg Property, and ensure that they are available to satisfy any judgment the Commission may obtain in this action.

The Commission further moves that the Court issue an order confirming the attachment pursuant to CPLR § 6211(b), and that the Court issue Order to Show Cause thereon, providing for notice to the defendants and the United States Marshal as provided by CPLR § 6211.

In the alternative, the Commission moves, if the Court does not issue an order of attachment *ex parte*, that the Court issue an order to show cause, requiring the defendants Joshua S. Shainberg and Laryssa Shainberg to appear and show cause, if any they have, why an order of attachment should not enter pursuant to CPLR 6212, and granting a temporary restraining order against the defendants Joshua S. Shainberg and Laryssa Shainberg transferring or encumbering the Apartment and the Fallsburg Property pending the hearing and determination of the motion

for an order of attachment and, if the motion for an order of attachment is granted, continuing such temporary restraining order until such time as the United States Marshal makes an attachment of the Apartment and the Fallsburg Property.

    As stated in the Graubard Declaration, no prior application has been made to any Court or Judge for this or similar relief.

Dated:    New York, New York
             October 12, 2007

                        MARK SCHONFELD (MS-2798)
                        Regional Director

By:    /s/ John J. Graubard
       JOHN J. GRAUBARD (JG-4854)
       Attorney for Plaintiff
       SECURITIES AND EXCHANGE COMMISSION
       New York Regional Office
       3 World Financial Center, Room 400
       New York, New York 10281-1022
       212-336-0084 (Graubard)

## **SCHEDULE 1**

All right, title, and interest in and to a certain apartment known as Apartment L-806 in the Building at street number 385 Grand Street, located in the State, City, and of New York, which is a portion of the cooperative housing development owned by Seward Park Housing Corporation, containing residential apartments and other spaces at the street numbers 208 / 210 / 212 / 264 / 266 / 268 East Broadway and 383 / 385 / 387 / 413 /415 / 417 Grand Street, as well as two separate commercial / retail buildings, one office building, a garage, sitting areas, playgrounds, parking areas, and related facilities, such right, title, and interest being represented by:

1. A Proprietary Lease and House Rules between Seward Park Housing Corporation, as Lessor, and Laryssa Shainberg. as Lessee, dated April 3, 2003; and

2. Certificate number 2695, representing 39 shares of capital stock of Seward Park Housing Corporation, dated April 3, 2003 and issued to Laryssa D. Shainberg.

## SCHEDULE 2

All that certain plot, piece, or parcel of land, situate, lying, and being in the Town of Fallsburg, County of Sullivan, State of New York, being more particularly described as Townhouse Block 9, Lot 57, as shown on a certain map dated January 23, 1985, by Silvers Engineering Associates, known as Vacation Village, Phase II Subdivision Plat (revised) filed in the Office of the Clerk of the County of Sullivan on July 15, 1986 as Map #4-156 and refilled in said office on May 25, 1989 in Dr. 25 as Map #1036A.

Said premises are also known and described as #57 Vacation Village Townhouse Road, Loch Sheldrake, New York 12759, and are located in the Village of Loch Sheldrake, Town of Fallsburg, County of Sullivan, and State of New York.

Being the same premises conveyed by Bargain and Sale Deed with Warranty Against Grantor's Acts by The Solomon Neugarten Living Trust - Solomon Neugarten and Joan Neugarten, Trustees, to Laryssa Shainberg, which deed is dated and acknowledged December 23, 2005, and which deed was recorded in the office of the Sullivan County Clerk at 11:19:25 a.m. on February 8, 2006 in Volume 3109 of Deeds at page 619, reference thereto being had.