MARK K. SCHONFELD (MS-2798)
Regional Director
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
3 World Financial Center, Room 400
New York, New York 10281-1022
Tel.: 212-336-0084 (Graubard); Fax: 212-336-1319
E-mail: graubardj@sec.gov

**FILED BY ECF**

UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : | No.  07 CIV. 8814 |
| : | |
| Plaintiff, : | **<u>DECLARATION OF</u>** |
| : | **<u>JOHN J. GRAUBARD</u>** |
| - against - : | **<u>IN SUPPORT OF</u>** |
| : | **<u>MOTIONS FOR *EX PARTE*</u>** |
| JOSHUA S. SHAINBERG and : | **<u>ATTACHMENTS</u>** |
| LARYSSA SHAINBERG, : | |
| : | |
| Defendants. : | |

JOHN J. GRAUBARD declares under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.      I am over 18 years old, I believe in the obligations of an oath, and I am fully familiar with the facts set forth herein.

2.      I am an attorney admitted to practice in this Court. I am a Senior Attorney in the Division of Enforcement, New York Regional Office, of the plaintiff Securities and Exchange Commission (the "Commission").

3.      I am making this Declaration in support of the Commission's Motion for an *Ex Parte* Attachment under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001 *et seq.* and under Article 62 of the New York Civil Practice Law and Rules ("CPLR") and Fed. R. Civ. P. 64.

4.      The Commission brings this action to set aside the fraudulent transfers made by Joshua S. Shainberg to his wife Laryssa Shainberg.  Joshua S. Shainberg made these fraudulent transfers to Laryssa Shainberg after the Commission had sued Joshua S. Shainberg for violating provisions of the federal securities laws, seeking in that action that Joshua S. Shainberg disgorge his ill-gotten gains and prejudgment interest, and that a civil money penalty be imposed on Joshua S. Shainberg.  The documentary evidence (including the depositions of Joshua S. Shainberg and Laryssa Shainberg) demonstrate the probable validity of the Commission's right to recover the relief demanded in the Complaint herein, for the reasons set forth in the Commission's Memorandum of Law submitted herewith.

5.      The following documents supporting the Commission's motion for attachment, marked as exhibits at the depositions of Joshua S. Shainberg and Laryssa Shainberg or matters of public record, are submitted as exhibits to this Declaration[1]:

| Exhibit No. | Description | Page Number Range |
|---|---|---|
| 1 | Complaint filed in *Securities and Exchange Commission v. Grant R. Curtis, et al.*, 99 Civ. 7357 (E.D.N.Y.) on 11/10/99 (public record) | SEC001-049 |

---

[1]These Exhibits have been redacted by removing information such as social security numbers, names of minor children, dates of birth, telephone number and addresses of natural persons (except for the addresses which are the subject matter of this action), financial account numbers, and similar matters.  Each page where a redaction has been made is stamped "REDACTED."

To make all reference to the Exhibits consistent, the Exhibits have been marked at the bottom of each page with the notation "Graubard Decl. Ex. *" and they have been numbered consecutively starting with "SEC001."

| Exhibit No. | Description | Page Number Range |
|---|---|---|
| 2 | Docket sheet in *Securities and Exchange Commission v. Grant R. Curtis, et al.*, 99 Civ. 7357 (E.D.N.Y.) as of 9/6/07 (public record) | SEC050-072 |
| 3 | Final judgment in *Securities and Exchange Commission v. Grant R. Curtis, et al.*, 99 Civ. 7357 (E.D.N.Y.) against Michael Lipkin and Joshua S. Shainberg entered on 3/9/06 (public record) | SEC073-078 |
| 4 | Excerpts from transcript of deposition of Joshua S. Shainberg taken on 2/27/07 (court proceeding) | SEC079-094 |
| 5 | Excerpts from transcript of deposition of Laryssa Shainberg taken on 5/16/07 (court proceeding) | SEC095-107 |
| 6 | Death Certificate for Nuta Shainberg (public records and deposition exhibit) | SEC108 |
| 7 | Petition for Letters of Administration, Surrogate's Court, New York County, Estate of Nuta Shainberg, Deceased, Index No. 1998-2442 (public record and deposition record) | SEC109-113 |
| 8 | Affidavit of Joshua S. Shainberg in Relation to Settlement of Small Estate, Surrogate's Court, New York County, Estate of Nuta Shainberg, Deceased, Index No. 1998-2442, dated 2/2/98 (public record and deposition exhibit) | SEC114-116 |
| 9 | Death Certificate for Rachael Shainberg filed 9/9/90 (public record and deposition exhibit) | SEC117 |
| 10 | Affidavit in Relationship to Settlement of Small Estate, Surrogate's Court, New York County, Estate of Rachael Shainberg, Deceased, Index No. 1990/1441 (public record and deposition exhibit) | SEC118-119 |
| 11 | Premarital Agreement between Joshua S. Shainberg and Laryssa (Shepherd) Shainberg dated 1/1/97 (Deposition Exhibit 26) (deposition exhibit) | SEC120-123 |
| 12 | Facsimile cover sheet from P. Goldwater to Steve Anderson dated 4/23/01 (deposition exhibit) | SEC124 |
| 13 | Letter from Joshua S. Shainberg to Vivian Robinson, Board of Directors, Seward Park Housing Corporation, dated 4/18/01 (deposition exhibit) | SEC125-126 |

| Exhibit No. | Description | Page Number Range |
|---|---|---|
| 14 | Letter from Abraham Shainberg to Don West, Board of Directors, Seward Park Housing Corporation, dated 3/29/01 (deposition exhibit) | SEC127-128 |
| 15 | Consent of Seward Park Housing Corporation to transfer of shares and proprietary lease of Apartment from Estate of Nuta Shainberg to Joshua S. Shainberg and Laryssa Shainberg dated 10/16/01 (deposition exhibit) | SEC129 |
| 16 | Share Certificate 2002, Seward Park Housing Corporation, in name of Joshua S. Shainberg and Laryssa Shainberg dated 10/16/01 (deposition exhibit) | SEC130 |
| 17 | Cover Sheet, Ownership Identification, and Signature Pages from Proprietary Lease to Apartment for Joshua S. Shainberg and Laryssa Shainberg, joint tenants with right of survivorship, dated 10/16/01 (deposition exhibit) | SEC131-138 |
| 18 | Letter from Laryssa Shainberg (on Joshua S. Shainberg's stationary) dated 2/2/03 to Board of Directors re transfer of Apartment from Joshua S. Shainberg and Laryssa Shainberg as joint tenants to Laryssa Shainberg (deposition exhibit) | SEC139 |
| 19 | Letter from Joshua S. Shainberg dated 2/2/03 to Board of Directors re transfer of Apartment from Joshua S. Shainberg and Laryssa Shainberg as joint tenants to Laryssa Shainberg (deposition exhibit) | SEC140 |
| 20 | Letter from Laryssa Shainberg to Board of Directors dated 2/23/03 re transfer of Apartment from Joshua S. Shainberg and Laryssa Shainberg as joint tenants to Laryssa Shainberg (deposition exhibit) | SEC141 |
| 21 | Financial Statement of Laryssa Shainberg dated 2/23/03 (deposition exhibit) | SEC142-143 |
| 22 | Letter from Joshua S. Shainberg dated March 29, 2003 to Board of Directors re transfer of Apartment from Joshua S. Shainberg and Laryssa Shainberg as joint tenants to Laryssa Shainberg, stating that Joshua S. Shainberg will take responsibility for current and future expenses and costs of Apartment (deposition exhibit) | SEC144 |

| Exhibit No. | Description | Page Number Range |
|---|---|---|
| 23 | Share Certificate 2695, Seward Park Housing Corporation, in name of Joshua S. Shainberg and Laryssa Shainberg dated 4/3/03 (deposition exhibit) | SEC145 |
| 24 | Cover Sheet, Ownership Identification, and Signature Pages from Proprietary Lease to Apartment for Laryssa Shainberg dated 4/3/03 (deposition exhibit) | SEC146-149 |
| 25 | Letter from Laryssa Shainberg to Board of Directors dated 12/7/05 (deposition exhibit) | SEC150 |
| 26 | Page from Morgan Stanley account statement for Joshua S. Shainberg (deposition exhibit) | SEC151 |
| 27 | Recording Information, Initial Coop UCC1, dated 11/21/05 (public record) | SEC152-154 |
| 28 | Recorded deed from The Solomon Neugarten Living Trust - Solomon Neugarten and Joan Neugarten, Trustees, to Laryssa Shainberg dated 12/23/05 (public record and deposition exhibit) | SEC155-158 |
| 29 | Decision and Order in Civil Injunctive Action Doc. No. 227 at 5 (1/9/06) (public record) | SEC159-166 |
| 30 | Financial Statements of Laryssa Shainberg dated 12/1/05 (deposition exhibit) | SEC167-169 |
| 31 | Transcript (excerpts) of Investigative Testimony of Joshua S. Shainberg on 9/5/96 (Commission record) | SEC170-252 |
| 32 | "Wells Letter" to attorney for Joshua S. Shainberg dated 8/7/97 (Commission record) | SEC253-254 |
| 33 | Transcript (excerpts) of deposition of Joshua S. Shainberg in Civil Injunctive Action on 6/20/02 | SEC255-259 |

The notation "public record" indicates that a document attached hereto as an Exhibit is a public record within the meaning of Fed. R. Evid. 803(8). The notation "deposition exhibit" indicates that a document attached hereto as an Exhibit was marked at an exhibit at the depositions taken of Joshua S. Shainberg and/or Laryssa Shainberg. The notation "Commission record" indicates

that a document attached hereto as an Exhibit is a record of the Commission within the scope of

Fed. R. Evid. 803(6) and/or 803(8) (see below).

6.      I am familiar with the records made and kept by the Commission in the usual

course of its activities as a public agency.  These records indicate that the Commission entered a

formal order instituting a non-public investigation on January 26, 1996 entitled "*In the Matter of*

*Trading in the Securities of Organogenesis, Inc. and Certain Other Issuers*, NY-6315." The

documents attached as Exhibits 31 and 32 are records made and kept by the Commission in the

usual course of its activities as a public agency.  The records also indicate that on August 6,

1996, the Commission staff served a subpoena *duces tecum* on Joshua S. Shainberg.

7.      I have checked with the Clerk of the United States District Court for the Eastern

District of New York.  Neither Joshua S. Shainberg nor Michael Lipkin have paid, as of the date

of this Declaration, any amounts of the disgorgement and prejudgment interest they were ordered

to pay by the Judgment (Exhibit 3, ¶ III).

8.      I have checked with the Commission's Office of Financial Management.  Joshua

S. Shainberg has not paid, as of the date of this Declaration, any amount of the civil money

penalty he was ordered to pay by the Judgment (Exhibit 3, ¶ IV).

9.      The interest rate in effect as of the date of the Judgment, March 9, 2006, was

4.74%. The amounts due on the Judgment as of the date of this Declaration are as follows:

| | | | |
|---|---|---|---|
| Disgorgement and prejudgment interest as of date of Judgment | 3/9/06 | $577,659.81 | |
| Interest on original amount of disgorgement and prejudgment interest accrued to | 3/9/07 | $27,381.08 | |
| Total amount of disgorgement, prejudgment interest, and post-judgment interest after anniversary date | 3/9/07 | | $605,040.89 |
| Interest on compounded amount of disgorgement, prejudgment interest, and post-judgment interest after anniversary date to | 10/11/07 | $16,971.65 | |
| Total amount of disgorgement, prejudgment interest, and post-judgment interest accrued to date of Declaration | 10/11/07 | | **$622,012.53** |
| Civil money penalty as of date of Judgment | 3/9/06 | $200,000.00 | |
| Interest on original amount of civil money penalty accrued to | 3/9/07 | $9,480.00 | |
| Total amount of civil money penalty and post-judgment interest as of anniversary date | 3/9/07 | | $209,480.00 |
| Interest on compounded amount of civil money penalty and post-judgment interest after anniversary date to | 10/11/07 | $5,876.00 | |
| Total amount of civil money penalty and post-judgment interest accrued to date of Declaration | 10/11/07 | | **$215,356.00** |

10.    By reason of the foregoing, Joshua S. Shainberg owes the current amount of

$622,012.53 in disgorgement, prejudgment interest, and post-judgment interest, jointly and

severally with Michael Lipkin, and Joshua S. Shainberg also owes the current amount of

$215,356.00 in civil money penalty and post-judgment interest.

10.     I know of no counterclaim that Joshua S. Shainberg and/or Laryssa Shainberg may

have against the Commission.  I know of no defense or set off that Joshua S. Shainberg and/or

Laryssa Shainberg may have against the Commission.

11.     The following allegations relate to the specific requirements of 28 U.S.C.

§ 3101(c):

a.     The facts supporting the probable validity of the Commission's

claim for a debt and the right of the Commission to recover what is demanded in

its application for a prejudgment remedy are set forth in the documentary evidence

attached as exhibits hereto;

b.     The amount of the debt claimed by the Commission is $200,000,

and the amount of post-judgment interest attributable to such debt is $15,356.00.

The Commission also claims a 10% surcharge of the amount of the debt, or

$20,000, pursuant to 28 U.S.C. § 3011(a).

c.     The basis for the Commission seeking a prejudgment remedy is

that the defendant Joshua S. Shainberg has assigned his property with the effect of

hindering, delaying, or defrauding the Commission in the collection of the above

debt, 28 U.S.C. § 3101(b)(1)(B).

d.     The basis for the Commission seeking a writ of attachment is that

this is an action to recover a penalty, 28 U.S.C. § 3102(b)(4).

12.    The issuance of an *ex parte* order of attachment pursuant to CPLR §§ 6201 *et seq.* is requested because, as shown by the documentary evidence attached hereto the defendants have fraudulently transferred property to hinder, delay, or defraud the Commission in the enforcement of its claims against Joshua S. Shainberg.

13.    The issuance of an *ex parte* writ of attachment pursuant to 28 U.S.C. §§ 3001 *et seq.* is requested because that statute expressly directs that such writ be issued *ex parte*.

14.    No notice of this application has been given to the defendants or to the counsel who represented them in related proceedings.  In light of the fraudulent transfers alleged, giving such notice might result in the further transfer or encumbrance of such property.  If the Court grants the relief sought *ex parte* the Commission, in addition to serving the defendants, will promptly provide a courtesy copy to the defendants' counsel in the related proceedings.

15.    No prior application has been made to any Court or Judge for the relief sought herein or for similar relief.

I declare under penalty of perjury that the foregoing is true and correct.  Executed at New York, New York on October 12, 2007.

_____
JOHN J. GRAUBARD