BOROUGH OF MANHATTAN

# CERTIFICATE OF DEATH

Certificate No. **156-75-117770**

75 OCT 19   A 10 : 14
DATE FILED

| 1. NAME OF DECEASED | *Nuta* | | *Shainberg* |
|---|---|---|---|
| (Type or Print) | First Name | Middle Name | Last Name |

## MEDICAL CERTIFICATE OF DEATH (To be filled in by the Physician)

| 2. PLACE OF DEATH | a. New York City | c. Name of Hospital or Institution. If not in hospital, street address | |
|---|---|---|---|
| | b. Borough *Manhattan* | Beth Israel Medical Center | REDACTED |

| 3a. DATE AND HOUR OF DEATH | (Month) 10 | (Day) 18 | (Year) 75 | 3b. Hour 5:45 AM | 4. SEX MALE | 5. APPROXIMATE AGE 63 |
|---|---|---|---|---|---|---|
| | | | | AM PM | | |

6. I HEREBY CERTIFY that (I attended the deceased)* (a staff physician of this institution attended the deceased)* (Dr. _____
attended the deceased) from *Sept 17* 19 75 to *Oct 18* 19 75 and last saw him alive at *11 P.M.* on *October 17*
19 75. I further certify that traumatic injury or poisoning DID NOT play any part in causing death, and that death did not occur in any unusual manner and was due entirely to NATURAL CAUSES. * Cross out words that do not apply.  † See first instruction on reverse of certificate.

Witness my hand this *18th* day of *October* 19 75  Signature *Lewis Preschel*  M.D.

Name of Physician *Lewis Preschel*  Address *108-40 Queens Blvd, N.Y. N.Y.*
Type or Print

## PERSONAL PARTICULARS (To be filled in by Funeral Director)

| 7. USUAL RESIDENCE | a. State New York | b. County New York | c. City or Town New York | d. Inside city limits (Specify Yes or No) Yes |
|---|---|---|---|---|
| | e. Street and house number 385 Grand Street | | | f. Length of residence or stay in City of New York immediately prior to death 29 years |

| 8. SINGLE, MARRIED, WIDOWED or DIVORCED (Write in word) Married | 9. NAME OF SURVIVING SPOUSE (If wife, give maiden name) Rachel Schwartzman |
|---|---|

| 10. DATE OF BIRTH OF DECEDENT | (Month) (Day) (Year) ▓▓▓▓ 1912 | 11. AGE at last birthday 63 Yrs. | If UNDER 1 year mos. days | If LESS than 1 day hrs. or min. |
|---|---|---|---|---|

| 12a. USUAL OCCUPATION (Kind of work done during most of working life, even if retired.) Rabbi | b. KIND OF BUSINESS or INDUSTRY Synagogue | 13. SOCIAL SECURITY NO. |
|---|---|---|

| 14. BIRTHPLACE (State or Foreign Country) Poland | 15. OF WHAT COUNTRY WAS DECEASED A CITIZEN AT TIME OF DEATH U.S. |
|---|---|

16. ANY OTHER NAME(S) BY WHICH DECEDENT WAS KNOWN  Nuta Maier Shainberg

| 17. NAME OF FATHER OF DECEDENT Michael Shainberg | 18. MAIDEN NAME OF MOTHER OF DECEDENT Taube |
|---|---|

| 19a. NAME OF INFORMANT Rachel Shainberg | b. RELATIONSHIP TO DECEASED wife | c. ADDRESS 385 Grand St. New York, N.Y. |
|---|---|---|

| 20a. NAME OF CEMETERY OR CREMATORY Har Hamnuchot Cemetery | b. LOCATION (City, Town or Country and State) Jerusalem, Israel | c. DATE OF BURIAL OR CREMATION October 20/75 |
|---|---|---|

| 21a. FUNERAL DIRECTOR Yereim Orthodox Chapel | b. ADDRESS 93 Broadway, Brooklyn, New York |
|---|---|

**BUREAU OF VITAL RECORDS    DEPARTMENT OF HEALTH    THE CITY OF NEW YORK**

This is to certify that the foregoing is a true copy of a record on file in the Department of Health. The Department of Health does not certify to the truth of the statements made thereon, as no inquiry as to the facts has been provided by law.

*Earlene Price*
EARLENE PRICE
CITY REGISTRAR

Do Not accept this transcript unless it bears the raised seal of the Department of Health. The reproduction or alteration of this transcript is prohibited by Section 3.21 of the New York City Health Code.

VITAL RECORDS          DEPARTMENT OF HEALTH          THE CITY OF NEW YORK

DATE ISSUED  TAUBARD DECL. EX. 6
NOV 23 1994

DOCUMENT NO.  C 705497764

SEC 108

*For Official Use Only*

| | |
|---|---|
| Filing Fee Paid $ _____ | |
| | Certs: $ _____ |
| $ _____ | Bond, Fee: _____ |
| Receipt No: _____ | No: _____ |

**DO NOT LEAVE ANY ITEMS BLANK**

## SURROGATE'S COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

—————————————————————————X

**ADMINISTRATION PROCEEDING,**

Estate of   N U T A   S H A I N B E R G

a/k/a

**PETITION FOR LETTERS OF:**

[X] Administration
[ ] Limited Administration
[ ] Administration With Limitations
[ ] Temporary Administration

File No. 2442/98

Deceased.

—————————————————————————X

## TO THE SURROGATE'S COURT, COUNTY OF NEW YORK:

It is respectfully alleged:

1. The name, domicile and interest in this proceeding of the petitioner, who is of full age, is as follows:

Name: JOSHUA SHAINBERG

Domicile: 385 GRAND ST. APT # L-806 New York
            (Street and Number)            (City / Town Village)

New York       New York       10002       212-688-9221
(County)         (State)         (Zip Code)      (Telephone Number)

Mailing Address: _____
                      (If different from domicile)

Citizenship (check one): [✓] U.S.A.    [ ] Other (specify) _____

Interest of Petitioner: [check one]

    [✓] Distributee of the decedent (state relationship) __SON__

    [ ] Other (specify) _____

Is proposed Administrator an attorney? [ ] Yes [✓] No [If yes, submit statement pursuant to 22 NYCRR 207.19(g); see also 207.60 (Accounting of Attorney-Fiduciary).]

2. The name, domicile, date and place of death, and national citizenship of the above-named decedent are as follows: **[The Death Certificate must be filed with this proceeding.** If the decedent's domicile is different from that shown on the death certificate, check box [ ] and attach an affidavit explaining the reason for this inconsistency.]

Name: NUTA SHAINBERG

Domicile: 385 GRAND ST. #L-806 New York NY 10002
     (Street Number)         (City, Village/Town)     (State)     (Zip Code)

Township of: New York          County of: New York

Date of Death: 10/18/75        Place of Death: Manhattan, New York

Citizenship: (check one): [✓] U.S.A. [ ] Other (specify) .

**GRAUBARD DECL. EX. 7**

SEC 00082

(a) The estimated gross value of the decedent's personal property passing by intestacy is less than $ _120,000._

(b) The estimated gross value of the decedent's real property, in this state, which is
[ ] improved, [ ] unimproved, passing by intestacy is less than $_—0 —_.

A brief description of each parcel is as follows:

(c) The estimated gross rent for a period of eighteen (18) months is the sum of $_—0—_.

(d) In addition to the value of the personal property stated in paragraph (3) the following right of action existed on behalf of the decedent and survived his/her death, or is granted to the administrator of the decedent by special provision of law, and it is impractical to give a bond sufficient to cover the probable amount to be recovered therein: **[Write "NONE" or state briefly the cause of action and the person against whom it exists, including names and carrier].**

None

(e) If decedent is survived by a spouse and a parent, or parents but no issue, and there is a claim for wrongful death, check here [ ] and furnish names(s) and address(es) of parent(s) in Paragraph 7. See EPTL 5-4.4.

4. A diligent search and inquiry, including a search of any safe deposit box, has been made for a will of the decedent and none has been found. Petitioner(s) (has) (have) been unable to obtain any information concerning any will of the decedent and therefore allege(s), upon information and belief, that the decedent died without leaving any last will.

5. A search of the records of this Court shows that no application has ever been made for letters of administration upon the estate of the decedent or for the probate of a will of the decedent, and your petitioner is informed and verily believes that no such application ever has been made to the Surrogate's Court of any other county of this state. _Vol._
_except the Vol. Administration under 1998-2442 - Joshua Steinberg Admin._
[Information is required only as to those classes of surviving relatives who would take the property of decedent pursuant to EPTL 4-1.1. State **"number"** of survivors in each class. Insert **"No"** in all prior classes. Insert **"X"** in all subsequent classes].

6. The decedent left surviving the following who would inherit his/her estate pursuant to EPTL 4-1.1 and 4-1.2:

a. [ / ] Spouse (husband/wife). **[If the decedent was divorced, see Uniform Court Rule 207.50].**

3   b. [X] Child or children or descendants of predeceased child or children. **[Must include marital, nonmarital, and adopted].**

c. [X] Any issue of the decedent adopted by persons related to the decedent (DRL Section 117).

d. [X] Mother/Father.

e. [X] Sisters or brothers, either of whole or half blood, and issue of predeceased sisters or brothers.

f. [X] Grandmother/Grandfather.

g. [X] Aunts or uncles, and children of predeceased aunts and uncles (first cousins).

h. [X] First cousins once removed (children of first cousins).

7. The decedent left surviving the following distributees, or other necessary parties, whose names, degrees of relationship, domiciles, post office addresses and citizenship are as follows: JOSHUA SHAINBERG

**[Note: Show clearly how each person is related to decedent. If relationship is through an ancestor who is deceased, give name, date of death, and relationship of the ancestor to the decedent. Use rider sheet if space in paragraph (7) is not sufficient. See Uniform Rules 207.16(b).**

**If any person listed in paragraph (7) is a nonmarital person, or descended from a nonmarital person, attach a copy of the order of filiation or Schedule A. If any person listed in paragraph (7) was adopted by any persons related by blood or marriage to decedent or descended from such persons, attach Schedule B].**

| Name | Relationship | Domicile and Mailing Address | Citizenship |
|------|-------------|------------------------------|-------------|
| JOSHUA SHAINBERG, | SON, | 385 Grand ST. #L-806 NY NY 10002 | American |
| Abraham Shainberg, | Son, | ████████████████, Bklyn, NY 11229 | USA |
| Morris Shainberg, | Son, | ████████████████, Los Angeles, CALIF 90035 | USA |
| Rachel Shainberg | wife, | 385 Grand ST. #L-806, NY NY 10002 | Canadian Post. Deceased |

(D.O.D. 3-18-90 — Administrator of Estate
is Joshua Shainberg Under 1441-90 - all
distributees are same as Above)

REDACTED

7.(b) The following are infants and/or persons under disability: [Attach applicable Schedule A, B, C and/or D]

| Name | Relationship | Domicile and Mailing Address | Citizenship |
|------|-------------|------------------------------|-------------|

has no outstanding debts or funeral expenses, except: [Write "NONE" or state same]

*NONE*

There are no other persons interested in this proceeding other than those hereinbefore mentioned.

**WHEREFORE,** your petitioner respectfully prays that: [Check and complete all relief requested]

[X] a.  process issue to all necessary parties to show cause why letters should not be issued as requested;

[X] b.  an order be granted dispensing with service of process upon those persons named in Paragraph (7) who have a right to letters prior or equal to that of the person nominated, and who are non-domiciliaries or whose names or whereabouts are unknown and cannot be ascertained;

[X] c.  a decree award Letters of:

    [X] Administration to _____ JOSHUA  SHAINBERG _____

    [ ] Limited Administration to _____

    [ ] Administration with Limitation to _____

    [ ] Temporary Administration to _____

or to such other person or persons having a prior right as may be entitled thereto, and;

[ ] d.  That the authority of the representative under the foregoing Letters be limited with respect to the prosecution or enforcement of a cause of action on behalf of the estate, as follows: the administrator(s) may not enforce a judgment or receive any funds without further order of the Surrogate.

[ ] e.  That the authority of the representative under the foregoing Letters be limited as follows:

_____

_____

_____

_____

_____

[ ] f.  [State any other relief requested].

_____

_____

_____

_____

_____

Dated: _8 - 3 - 99_

1. _Joshua Shainberg_    2. _____
    (Signature of Petitioner)          (Signature of Petitioner)

_JOSHUA  SHAINBERG_      _____
    (Print Name)                 (Print Name)

A-1 (4-98) Petition for Letters of Administration edit rev 07-08-98 ms.wpd   Page 4 of 9 Pages

GRAUBARD DECL. EX. 7      SEC 112085

NEW YORK    )
NEW YORK    )  ss:

## COMBINED VERIFICATION, OATH AND DESIGNATION
### [For use when petitioner is to be appointed administrator]

I, the undersigned, the petitioner named in the foregoing petition, being duly sworn, say:

1. **VERIFICATION:** I have read the foregoing petition subscribed by me and know the contents thereof, and the same is true of my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

2. **OATH OF ADMINISTRATOR** as indicated above: I am over eighteen (18) years of age and *A CITIZEN OF THE UNITED STATES*; and I will well, faithfully and honestly discharge the duties of Administrator of the goods, chattels and credits of said decedent according to law. I am not ineligible to receive letters and will duly account for all moneys and other property that will come into my hands.

3. **DESIGNATION OF CLERK FOR SERVICE OF PROCESS:** I do hereby designate the Clerk of the Surrogate's Court of New York County, and his/her successor in office, as a person on whom service of any process, issuing from such Surrogate's Court may be made in like manner and with like effect as if it were served personally upon me, whenever I cannot be found and served within the State of New York after due diligence used.

My domicile is: ___385 Grand ST. #L-806 NY NY 10002___

      (Street/Number)          (City / Village / Town)        (State)    (Zip)

_____
Signature of Petitioner

On the __3__ day of __August__, 19 __99__, before me personally came

__Joshua Shainberg__ to me known to be the person described in and who executed the foregoing instrument. Such person duly swore to such instrument before me and duly acknowledged that he/she executed the same.

_____
Notary Public
Commission Expires:
(Affix Notary Stamp or Seal)

    VINCENT F. DeFALCO
    Notary Public, State of New York
    No. 44-5958370
    Qualified in Rockland County
    Commission Expires May 31, 2000

Signature of Attorney: _____
         (As required by Part 130 of the Rules of the Chief Administrator)

Print Name: _____

Firm Name: _____  Telephone No.: _____

Address of Attorney: _____

GRAUBARD DECL. EX. 7

THE CERTIFIED COPY MUST BE RETAINED BY THE VOLUNTARY A...

FOR FILING WITH THE REPORT AND ACCOUNT

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . X

VOLUNTARY ADMINISTRATION, Estate of

NUTA  SHAINBERG

, Deceased

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . X

AFFIDAVIT IN RELATION
TO SETTLEMENT OF
ESTATE UNDER
ARTICLE 13, SCPA

File No. _____ 2442

REDACTED

STATE OF NEW YORK
COUNTY OF           ss:

[INSTRUCTIONS: In completing this form, answer each question. This may be done in some instances by crossing out words in parenthesis, and in other instances by inserting the required information.]

I JOSHUA SHAINBERG being duly sworn, depose and say:

(1) My domicile is 385 GRAND STREET #L-806 NEW YORK
(Street address)                     (City/Town/Village)

NEW YORK        N.Y.        10002        212-[REDACTED]
(County)        (State)        (Zip)        (Telephone Number)

My mailing address is _____
(If different from domicile)

Citizenship: USA

(2) My interest is: [X] Distributee of decedent        SON
(Relationship)

[ ] Other (Specify) _____

(3) The name, domicile, date, place of death, and citizenship of the decedent, to whose estate this proceeding relates, are as follows:

Name of Decedent (a/k/a, if applicable): NUTA  SHAINBERG

Domicile of Decedent: 385 GRAND ST #L-806 New York NY 10002
(Street address)        (City/Town/Village)        (County)        (State)

Date of Death: 10-18-75        Place of Death: New York    New York
(City/Town/Village)        (State)

Citizenship: USA

(4) Decedent died: [X] Intestate (without a will)

[ ] Testate (the original will is attached)

Date of original will: _____

(5) A search of the records of the Court shows that no application has been made in the estate of the decedent for voluntary administration, letters of administration or for probate of a will, and your affiant is informed and verily believes that no such application ever has been made to any other Surrogate's Court of this state.

GRAUBARD DECL. EX. 6
SEIA (3/91)

REDACTED

(6) The name and addresses of the decedent's distributees under New York law, including non-martial and adopted children, and decendants of predeceased non-marital and adopted children, and their relationship to the decedent, are as follows: [If more space is needed, add a sheet of paper]

| Name | Post Office Address (including Zip) | Relationship (Indicate if non-marital) |
|---|---|---|
| JOSHUA STRAINBERG | 385 GRANDST. NY NY 10002 | SON |
| Abraham Shainberg | ████████████ Brooklyn NY 11229 | Son |
| Morris Shainberg | ████████████, LA Calfornia | son |
| Rachel Shainberg | Post-DECEASED (3-18-90) | wife |

(7) (If decedent had a will) The names and addresses of all beneficiaries in the will of the decedent filed herewith are as follows: [If more space is needed, add a sheet of paper]

No Will.

| Name | Post Office Address (including Zip) | Bequest |
|---|---|---|
| | | |

(8) The value of the entire personal property, wherever located, of the decedent, exclusive of joint bank accounts, trust accounts, U.S. savings bonds POD (payable on death), and jointly owned personal property, or property exempt under the EPTL §5-3.1, does not exceed $10,000.   $2,000.00

(9) The following, exclusive of joint bank accounts, trust accounts, U.S. savings bonds POD (payable on death), and jointly owned personal property, or property exempt under the EPTL §5-3.1, is a complete list of all personal property owned by the decedent, either standing in his/her own name or owned by him/her beneficially and including items of value in any safe deposit box: [If more space is needed, add a sheet of paper]

| Items of Personal Property Separately Listed | Value of Each Item |
|---|---|
| CO-OP Shares | $2000.00 |

_Joshua Shainberg_

TOTAL: $  $2000.00

33-743. 3/9 les.

GRAUBARD DECL. EX. 6

SEC016078

(10) All the liabilities of the decedent known to me are as follows: (If more space is needed, add a sheet of paper)

| Name of Creditor | Amount Owned |
|---|---|
| N/A | |

(11) I undertake to act as voluntary administrator/trix of the decedent's estate, and to administer it pursuant to Article 13 of the Surrogate's Court Procedure Act. I agree to reduce all of the decedent's assets to possession; to liquidate such assets to the extent necessary; to open an estate bank account in a bank of deposit or savings bank in this state, in which I shall deposit all money received; to sign all checks drawn or withdrawals from such account in the name of the estate by myself, as voluntary administrator/trix; to pay the expenses of administration, the decedent's reasonable funeral expenses and his/her debts in the order provided by law; and to distribute the balance to the person or persons and in the amount or amounts provided by law. As voluntary administrator/trix, I shall file in this court an account of all receipts and of disbursements made.

(12) I understand that this proceeding will not determine the estate tax liability, if any, in the event that the decedent had any interest in real property or any joint bank accounts, trust accounts, U.S. savings bonds POD (payable on death), or jointly owned or trust property.

(13) If letters testamentary or of administration are later granted, I acknowledge that my powers as voluntary administrator/trix shall cease, and I shall deliver to the court appointed fiduciary a complete statement of my account and all assets and funds of the estate in my possession.

_____
Signature of Affiant

JOSHUA    SHAINBERG
_____
Print Name

Sworn to before me on July 2 , 19 98

_____
Notary Public

My Commission Expires: _____

NAME OF ATTORNEY: Abraham Shainberg

ADDRESS: C/O Feldman Law Firm ▮▮▮▮▮▮    NY NY 1001

TELEPHONE NUMBER: 212-▮▮▮▮▮

33-743c.4/91cb

**CERTIFICATE OF DEATH**

Certificate No. _____ IJ-90-016654

| 1. NAME OF DECEASED | Rachel | | Shainberg |
|---|---|---|---|
| (Type or Print) | (First Name) | (Middle Name) | (Last Name) |

OFFICE OF CHIEF MEDICAL EXAMINER
520 FIRST AVENUE NY  10016 NY

## MEDICAL CERTIFICATE OF DEATH (To be filled in by the Physician)

| PLACE OF DEATH | | | 2c. If in Hospital or Other Facility (Check) | 2d. If inpatient, date of current admission | | |
|---|---|---|---|---|---|---|
| NEW YORK CITY | 2b. Name of hospital or other facility if not facility, street address | | | Month | Day | Year |
| 2a. BOROUGH Manhattan | Beekman Downtown Hospital | 1 ☐ DOA   3 ☐ Outpatient   2 ☐ Emerg.   4 ☐ Inpatient | | | |

| DATE AND HOUR OF DEATH OR FOUND DEAD | 3a. (Month) (Day) (Year) March 18, 1990 | 3b. HOUR 4:50 | ☐ AM ☒ PM | 4. SEX female | 5. APPROXIMATE AGE 60 Years |
|---|---|---|---|---|---|

DEATH WAS CAUSED BY:                         Enter only one cause per line

| PART 1 | a. Immediate cause | Arteriosclerotic heart disease. | INTERVAL BETWEEN ONSET AND DEATH |
|---|---|---|---|
| | b. Due to or as a consequence of | | |
| | c. Due to or as a consequence of | | |

PART 2  d. Other significant conditions contributing to death but not resulting in the underlying cause given in part 1

| INJURY DATE OF INJURY (Month) (Day) (Year) | 7b. TIME ☐AM☐PM | 7c. AT WORK 1 ☐ YES 2 ☐ NO | 7d. PLACE OF INJURY – At home, farm, street, factory, office building, etc. (Specify) 7e. LOCATION | 7f. HOW INJURY OCCURRED |
|---|---|---|---|---|

| Manner of Death (Check all that apply) | 9. Autopsy | 10. On the basis of examination and/or investigation, in my opinion, death occurred due to the causes and manner as stated: |
|---|---|---|
| Pending ☐ Investigation (P/FM) ☐ Toxicology ☐ Further Study | ☒ Natural ☐ Accident ☐ Suicide ☐ Homicide ☐ Undetermined | ☐ Yes ☒ No Autopsy Pursuant to Law ☐ No Autopsy |

CERTIFIER SIGNATURE: _____ M.D.   3/19/90

| I.M.E. Case No. 90-2506 | 12a. Date Pronounced Dead (Month, Day, Year) (if different from 3a) | 12b. TIME ☐AM☐PM | CERTIFIER NAME (Print)   Vernard I. Adams (Deputy Chief Medical Examiner) |
|---|---|---|---|

## PERSONAL PARTICULARS (To be filled in by Funeral Director)

| 13. Usual Residence a. State NEW YORK | 13b County NEW YORK | 13c. City, Town, or Location NEW YORK | 13d. Street & House No 235 GRAND ST | Zip | Apt. No. | 13e. Inside City Limits of 7c ☐ Yes ☐ No |
|---|---|---|---|---|---|---|

| 14. Served in U.S. Armed Forces No ☐   Yes ☐ Specify years From ___ To ___ | 15. Marital Status (Check One) 1 ☐ Never Married   2 ☒ Widowed 3 ☐ Married or separated  4 ☐ Divorced | 16. Name of Surviving Spouse (if wife, give maiden name) |
|---|---|---|

| 17. Date of birth (Month) (Day) (Year) of Decedent         1924 | 18. Age at last birthday 60 | If under 1 Year | If less than 1 Day | 19. Social Security No. |
|---|---|---|---|---|
| | | mos   days | hours   min. | |

| 20a. Usual Occupation (Kind of work done during most of working lifetime, do not enter retired) H/W | 20b. Kind of Business |
|---|---|

| 21. Birthplace (City & State or Foreign Country) POLAND | 22. Education (Check only one) 0-11  12  13-15  16  17+ ☐1  ☐2  ☐3  ☐4  ☐5 | 23. Other name(s) by which decedent was known |
|---|---|---|

| 24. NAME OF FATHER OF DECEDENT MAYOR SCHWARTZMAN | 25. MAIDEN NAME OF MOTHER OF DECEDENT CHAVA |
|---|---|

| 26a. NAME OF INFORMANT ABE SHAINBERG | 26b. RELATIONSHIP TO DECEASED SON | 26c. ADDRESS              BROOKLYN N.Y.  11220 |
|---|---|---|

| 27a. NAME OF CEMETERY OR CREMATORY BETH DAVID | 27b. LOCATION (City, Town, State and Country) ELMONT N.Y. | 27c. DATE OF BURIAL OR CREMATION 3-19-90 |
|---|---|---|

| 28a. FUNERAL DIRECTOR SHOMREI HADAS CHAPELS | 28b. ADDRESS 4911 ET, HAMILTON PKWY., B'KLYN |
|---|---|

R16 (1/88)  BUREAU OF VITAL RECORDS        DEPARTMENT OF HEALTH        THE CITY OF NEW YORK

This is to certify that the foregoing is a true copy of a record on file in the Department of Health. The Department of Health does not certify to the truth of the statements made thereon, as no inquiry as to the facts has been provided by law.

STEVEN P. SCHWARTZ
CITY REGISTRAR

Do Not accept this transcript unless it bears the raised seal of the Department of Health. The reproduction or alteration of this transcript is prohibited by Section 3.21 of the New York City Health Code.

VITAL RECORDS                DEPARTMENT OF HEALTH                THE CITY OF NEW YORK

| DATE ISSUED  JUN 24 1998 | DOCUMENT NO.  D 401891 |
|---|---|

Form SE-1   (Affivadit in Relation to Settlement)

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| In the Matter of the Estate of |
| :---: |
| RACHEL SHAINBERG |
| Deceased. |

**AFFIDAVIT IN RELATION TO
SETTLEMENT OF ESTATE
UNDER ARTICLE 13, SCPA
(VOLUNTARY ADMINISTRATION)**

File No.    **1441**

**INSTRUCTIONS:** In completing this form, answer each question. This may be done in some instances by crossing out words in parenthesis and in other instances by inserting the required information.

STATE OF NEW YORK

COUNTY OF  New York     } ss.:

REDACTED

I.  Abe M. Shainberg , being duly sworn, deposes and says:

1. My domicile is  ▮▮▮▮▮▮▮▮▮▮        Brooklyn  New York  11229

(Street/Number)          (City, Village/Town)        (State)          (Zip Code)

2. I am the (state relationship) of  RACHEL  SHAINBERG  , deceased, and make this affidavit [written above: SON]
pursuant to Article 13 of the Surrogate's Court Procedure Act.

3. The name of the decedent is:  RACHEL  SHAINBERG

4. Decedent died on  MARCH 18 , 19 90 ,

at   JACK LA LANNE    233 Broadway    New York  NY.

(Place of Death)   (Street/Number)    (City,Village/Town)   (State)   (Zip Code)

5. At the time of death, decedent was domiciled at:

385 Grand St.  New York NY. 10002

(Street/Number)     (City, Village/Town)      (State)      (Zip Code)

6. Decedent died: (check applicable line)

☑ Intestate (without a will)

☐ Testate (with a will which is filed with this affidavit).

Date of will:

7. Search of the records of the Court, show that no application has been made in the estate of the decedent for voluntary administration, letters of administration or probate of a will, and your affiant is informed and verily believes that no such application ever has been made to any other Surrogate's Court of this state.

8. The value of the entire personal property, wherever located, of the decedent, exclusive of joint bank accounts, trust accounts, United State Savings Bonds payable on death and jointly owned personal property, does not exceed $10,000.00.

**GRAUBARD DECL. EX. 10**

SEC118095

9. The names and addresses of the decedent's distributees under New York law, including children of descendents of predeceased non-marital children, and their relationship to the dec as follows:

| Name | Address | Relationship |
|------|---------|--------------|
| Morris Shainberg | ▮▮▮▮ Los Angeles California | Son |
| Joshua Shainberg | 3 ▮▮▮ GRAND ST NY NY | Son |
| Abe Shainberg | ▮▮▮▮ Brooklyn NY | Son |

(If more space is needed, add a sheet of paper)

10. The names and addresses of all beneficiaries in the will of decedent filed herewith, and their relationship to the decedent, are as follows:

| Name | Address | Relationship |
|------|---------|--------------|

REDACTED

(If more space is needed, add a sheet of paper)

11. The following, exclusive of joint bank accounts, trust accounts, United States Savings Bonds payable on death and jointly owned personal property, is a complete list of all personal property owned by the decedent, either in his/her own name or owned beneficially, and including items of value in any safe deposit box:

| Items of Personal Property Separately Listed | Value of Each Item |
|---------------------------------------------|--------------------|
| Bnai Zion Life Insuran policy | $ 2000.00 |

(If more space is needed, add a sheet of paper)

12. All the liabilities of the decedent known to me are as follows (names of creditors and amounts):

Abe Shainberg  — funeral expenses — 2200.

13. I undertake to act as voluntary administrat      of the decedent's estate and to administer it pursuant to Article 13 of the Surrogate's Court Procedure Act.

14. In doing so, I agree to reduce all of the decedent's assets to possession; to liquidate such assets to the extent necessary; to open an estate bank account in a bank of deposit or savings bank in this state in which I shall deposit all monies received; to sign all checks drawn on or withdrawals from such account in the name of the estate by myself as voluntary administrat      ; to pay the expenses of administration, the decedent's reasonable funeral expenses and his/her debts in the order provided by law; and to distribute the balance to the person or persons and in the amount or amounts provided by law. As voluntary administrat      , I shall file in this court an account of all receipts and of disbursements made.

15. I understand that this proceeding will not determine the estate tax liability, if any, in the event that the decedent had any interest in real property or any joint bank accounts, trust accounts, United States Savings Bonds payable on death or jointly owned or trust property.

16. If letters testamentary or of administration are later granted, I acknowledge that my powers as voluntary administrat      shall cease, and I thereupon shall deliver to the rightful execut      or administrat      a complete statement of my account and all assets and funds of said estate in my possession.

x _____ Abe M Shainberg

Sworn to before me this 29
day of M AC , 19 9 .

_____ Michael Cutrone _____
Notary Public

MICHAEL CUTRONE
Commissioner of Deeds
York - No. 2-3318
Qual. in New York County
Comm. Expires October 1, 19..

GRAUBARD DECL. EX. 10

SEC 018096

## PREMARITAL AGREEMENT

This premarital agreement is made on the First day of January, 1997 between Joshua Shainberg and Laryssa Shepherd. Whereas the parties intend to marry under the laws of the State of New York and wish to set forth in advance of this marriage the rights and privileges that each will have in the property of the other in the event of death, divorce or other circumstances which results in the termination of the marriage. If the marriage continues, these terms are agreed to by both parties and the transfer and intent to transfer is effective as of today. Whereas the parties have disclosed to each other a full and complete disclosure of their assets as set forth in exhibit A.

Whereas both parties have consulted independant counsel of their own choosing and both parties have received a full and complete explanation of their legal rights, the consequences of entering into this agreement, and the rights they would possesss were it not for their voluntary entry into this agreement, and Whereas both parties have acknowledged that they have read and understand the agreement , have not been subject to any coercion, pressure or duress, believe this agreement to be fair and represent that their intentions with regard to their assets and to any estate that should result from their marriage.

The parties acknowledge and agree as follows:

1. Joshua Shainberg should transfer after marriage his interest to the cooperative at 385 Grand Street, Apartment L806, New York, N.Y.

**GRAUBARD DECL. EX. 11**


PLAINTIFF'S EXHIBIT
2 SEC120
5-16-07    LR

10002.

2. As Joshua Shainberg and his brothers, Abe and Mark are attempting through the Surrogate and Probate Courts to transfer their interest in this cooperative apartment to Joshua Shainberg from the estate of his parents, it is agreed that after this process Joshua Shainberg will transfer this apartment to Laryssa Shepherd. I, Laryssa Shepherd fully understand that this property will be transferred to me and because of the Court system it may take some tim

3. Both parties acknowledge that Joshua Shainbergs brothers have both consented to this transfer to me and are doing so because of the marriage. The reason that both brothers may have to transfer their interest to Joshua before he transfers the cooperative to me is based upon various New York surrogate issues as well as the intent of the brothers to make sure that the marriage goes forth.

4. In the event of divorce, Joshua Shainberg shall have no right to the cooperative apartment nor can ask Laryssa Shepherd to return this property to him.

5. Joshua Shainberg acknowledges that this transfer will not cause him in any way to become insolvent and he has independent assets.

6. Laryssa Shainberg comes into the marriage with substantial assets.        Laryssa Shainberg will become her name at marriage.

7. Joshua Shainberg will receive consideration for the transfe to Laryssa Shepherd of this cooperative apartment. The value of the property is no more than $15,000. Laryssa Shepherd will give $25,000. in art and $25,000. in stamps to Joshua Shainberg for this transfer and is doing so immediately.

~~These assets are fully owned by Laryssa Shepherd without lien, obligation or mortgage to these assets.~~

8. Both parties are currently employed  and can contribute to the household at marriage.

9. This agreement is biding and benefit both parties, their successors, assigns and representatives.

10. This agreement shall be interpreted and enf orced under the laws of the State of New York.

11. It is the desire of both parties that all provisions of this agreement be recognized in full force and effect. If any part of this agreement is held invalid or unenforceable then any provision of this agreement can be and should be regarded seperable. The intention of both parties are to be respected and the legal status of this agreement is duly executed by both parties.


Signed this First day of January , 1997.

FIANCE

FIANCE

WITNESS

WITNESS

EXHIBIT A

Laryssa Shainberg owns without obligation or lien 150,000 dollars worth of art and 150,000 dollars worth of stamps prior to marriage to Joshua Shainberg. Joshua Shainberg owns or will own after surrogate/probate and agreement with his brothers the cooperative apartment at 385 Grand Street, New York City. Joshua Shainberg also owns art, and other collectibles valued at over $50,000. Both parties are currently employed.

Dated January 1, 1997

Joshua Shainberg

Laryssa Shepherd



# COOPER • SQUARE

**REALTY, INC.**

6 East 43rd Street • New York, NY 10017 • Tel: 212-682-7373 • Fax: 212-682-5441

## TRANSMISSION COVER SHEET

**DATE:** 4/23/01

**TO:** STEVE ANDERSON          **FAX#:** 867-1914

**FAX #:**

**FROM:** P. GOLDWATER

**RE:** SHAINBERG

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Steve,

I think you should answer this because the second letter is written by an attorney (who is also his brother).

The main issue is that he was turned down the first time. The Board wants a new package filled out. If they have no intention of allowing this transaction, they should tell him now. The Board, to my knowledge, has never tried to remove him as an illegal sublet.

REPLY NEEDED____          HARD COPY TO FOLLOW____

PLEASE CALL SENDER UPON RECEIPT____   PLEASE SIGN AND REFAX TO SENDER____

Total Number of Pages (Including cover sheet): 5

PLEASE CALL OUR OFFICE IMMEDIATELY IF TRANSMISSION IS ILLEGIBLE OR NOT RECEIVED PROPERLY.

PLAINTIFF'S EXHIBIT
11
2-29-07   LR

**Joshua Shainberg**
**385 Grand Street**
**Apartment L-806**
**N.Y. N.Y. 10002**
**212-████ home, 917-████ cell**

REDACTED

**April 18, 2001**
**Vivian Robinson**
**SPHC**
**212-477-1428fax**

**Dear Ms. Robinson,**

**Enclosed is a letter that was sent to Mr. Don West. Today I have spoken to Mr. Steven Anderson, SPHC attorney's. He told me that Don West told him to send my file back to your offices. Today you have told me that it is your understanding that I just need to file a "new application" to get the certificate into my(and my wife) name. I perfectly understand that this means that Don West is graciously allowing me to skip a step from the certificate transferring from :1)Nuta Shainberg to 2)Nuta Shainberg, Joshua Shainberg, Administrator to 3) Joshua(and wife) Shainberg. This is based on a Letter of Administartion issued to me by Probate Court. You have this LOA of the court in your file.**

Be that as it may, I am still requesting that this certificate, which does not need Board approval be issued the correct way. After receiving this certificate with me as Administrator, I will then give you another completed application to change it officially into my(and my wife) name alone. If the change of Nuta Shainberg to Nuta Shainberg, Joshua Shainberg, Administrator needs Board approval, please contact me immediately. This last point maybe where all the confusion is coming from.

Sincerely,

Joshua Shainberg
L-806

**Abe Michael Shainberg**
Counselor at Law
681 Lexington Avenue, 5th floor
New York, NY 10022
Tel: 212-688-9220, Fax: 212-688-9298

March 29, 2001

Don West, President
Board of Directors
Seward Park Housing Corp.
413 Grand Street, Apt.# 1801
New York, N.Y. 10002

Dear Mr. West,

I am writing you this letter to inform you that my brother, Joshua Shainberg, of Apartment I.806, has been trying to get a new certificate and access to the Shainberg file. On numerous occasions my brother has written, telephoned and met you and other members of the Board of Directors of SPHC as well as Pat Goldwater regarding this. I do not understand how after his meeting with you and others he still is getting different answers from you, your associates and your employees(SPHC).

You tell him that he has every right to see the Shainberg file . Pat Goldwater, representing current management, says he does not. She claims that only you have the authority to let him gain access to his file. He is once again asking for access to the file.

Please note that our father's certificate was in this file but apparently is missing . This was the claim of previous management. I have read many SPHC releases on the previous management's alleged activities and I nor my brother are holding you responsible for any theft or misplacement or loss by previous management or their employees. All my brother wants is a replacement certificate.

The evidence of this certificate has been filed by SPHC with the IRS and other institutions . Concurrent with this replacement certificate, my brother has asked for a certificate in the following form, as is his legal right:
   Estate of Nuta Shainberg, Joshua Shainberg, Administrator (of estate).

GRAUBARD DECL. EX. 14

SEC127
SP0143

NOT TRUE

My brother has provided you with the LOA of the Probate Court and all the papers required to do this. He has been given the run-around by Pat Goldwater. She told my brother that the reason he still does not have his certificate in this format was because the attorney's for SPHC might require a UCC or Lien search on the apartment. This is nonsense. In fact, my brother told Pat that he would get that search if needed. Pat did not request this from him again.

You and Pat have told my brother that the ultimate reason for the lack of the produced certificate was the problem SPHC had experienced with the apparent misplaced files by previous management. We accept this answer. What we don't accept is different statements made between you and Pat. If my brother does not have the legal access to the Shainberg file then say so and send my offices a letter accordingly.

Upon receiving his new certificate as Administrator, my brother intends to file another application with SPHC to change the certificate to his(and his wife's) names.

We understand that this application process needs Board approval . You have received a three page letter (enclosed) regarding this previous application. Please read it again.

In conclusion, my brother has been instrumental in getting this new Board elected and you as President. It is quite shocking to him that he is now being treated as bad as the previous management treated him. Please respond immediately to this letter.

Sincerely,

Abe Shainberg, Esq.

GRAUBARD DECL. EX. 14

SEC128
SP 0144

## CONSENT

Seward Park Housing Corporation, a New York Housing Corporation (the "Lessor Corporation"), being the Lessor named in a certain proprietary lease (the "Lease") made by and between it and the Estate of Nuta Shainberg, ("Transferor") dated          ,    which Apartment Lease covers L806 (the "Apartment") in premises 385 Grand Street, New York.

DOES HEREBY CONSENT, which consent has been approved in accordance with the provisions of the Lease, to the transfer of 39 shares of stock of Lessor Corporation and the Lease to Joshua Shainberg and Laryssa Shainberg, Transferee.

AND DOES HEREBY CERTIFY THAT:

(1)    The proprietary rent and sundry charges under the Lease are paid through October 31, 2001.

(2)    Lessor Corporation makes no representation that Transferor has the right to transfer the shares and Lease other than that Transferor is now the record owner thereof on the books of Lessor Corporation.

IN WITNESS WHEREOF, Lessor Corporation has caused this instrument to be executed by its authorized officer on October 16, 2001.

Seward Park Housing Corporation

By: Donald West
President



PLAINTIFF'S EXHIBIT
27
5-16-07   L.R