PLAINTIFF'S EXHIBIT 28 5-16-07 L.R.

L806 SEC130 00001

NUMBER 2002 — 39 SHARES

INCORPORATED UNDER THE LAWS OF THE STATE OF NEW YORK

# SEWARD PARK HOUSING CORPORATION

The Corporation is authorized to issue 60,000 shares of Capital Stock of a par value of $100 each

JTWROS

THIS IS TO CERTIFY that Joshua Shainberg and Laryssa Shainberg

is (are) the owner(s) of 39 Shares of the capital stock of SEWARD PARK HOUSING CORPORATION of the par value of One Hundred Dollars ($100.) each, fully paid and non-assessable,transferable on the books of the Corporation by the holder(s) hereof in person or by duly authorized attorney upon surrender of this certificate together with a duly executed instrument of transfer.

The rights of any holder(s) hereof are subject to the Certificate of Incorporation and Bylaws of the Corporation and to the provisions of a certain Proprietary Lease made between the person(s) in whose name(s) this certificate is issued, as Lessee(s) and the Corporation, as Lessor, which include, *inter alia*:

(a) Article FOURTH of the Certificate of Incorporation, which provides that every holder of capital stock of the Corporation shall be entitled to one vote regardless of the number of shares held by such stockholder and that, for this purpose, all joint or common holders of the same shares shall be deemed to be one stockholder; and

(b) provisions of the Bylaws and Proprietary Lease which limit and restrict the rights of any transferee or assignee hereof, require the prior approval of the Board of Directors of the Corporation for any such transfer or assignment, provide that the shares represented by this certificate are transferable only as an entirety and only to an approved assignee of the Proprietary Lease, grant a right of first refusal to the Corporation in connection with any such transfer or assignment and fix maximum resale prices and transfer fees for any such transfer or assignment.

Copies of the Certificate of Incorporation, Bylaws and Proprietary Lease are on file and available for inspection at the office of the Corporation.

The directors of the Corporation may refuse to consent to the transfer of the shares represented by this certificate until any indebtedness of the holder(s) hereof to the Corporation is paid in full. The Corporation, by the terms of the Bylaws and Proprietary Lease, has a first lien on the shares represented by this certificate for all sums due and to become due under the Bylaws and/or the Proprietary Lease and for all other indebtedness from the holder(s) hereof.

IN WITNESS WHEREOF, the Corporation has caused this certificate to be signed by its duly authorized officers and its corporate seal to be hereunto affixed this 16 day of October in the year 2001

Mark Enger
SECRETARY OR TREASURER

Donald West
PRESIDENT OR VICE PRESIDENT

GRAUBARD DECL. EX. 16

# SEWARD PARK HOUSING CORPORATION



PLAINTIFF'S EXHIBIT 30  5-16-07  L.R.

# PROPRIETARY LEASE
# AND
# HOUSE RULES

**SEWARD PARK HOUSING CORPORATION**

**Lessee(s):** Joshua Shainberg
Laryssa Shainberg JTWROS

**Building Address:** 385 Grand Street

**Apartment No.:** L806

**Dated:** October 16, 2001

As approved at Special
Meeting of Shareholders held
on October 7-8, 1996

# Table of Contents

| Article | | Page No. |
|---|---|---|
| 1 | CASH REQUIREMENTS | 1 |
| 2 | RENT AND ADDITIONAL RENT; ASSESSMENTS; LATE PAYMENT FEE | 3 |
| 3 | LESSEE'S DUTIES AND OBLIGATIONS | 4 |
| | (1) Permitted Use and Occupancy of the Apartment | 4 |
| | (2) Apartment "As Is" | 4 |
| | (3) Lessee's Maintenance and Repairs | 5 |
| | (4) Leasehold Alterations and Improvements | 6 |
| | (5) Compliance with Laws, Ordinances, Rules, Regulations, and House Rules | 7 |
| | (6) Indemnification of Lessor | 8 |
| | (7) Assignment or Transfer of Lease and Shares of Stock | 8 |
| | (8) Transfer Fee | 10 |
| | (9) Subletting | 10 |
| | (10) Maximum Resale Prices | 11 |
| | (11) The Lessor's Option to Purchase | 11 |
| | (12) Surrender of Possession | 11 |
| | (13) Signs | 11 |
| | (14) Terraces and Balconies | 12 |
| | (15) Cooperation | 12 |
| 4 | MUTUAL COVENANTS OF LESSOR AND LESSEE | 12 |
| | (1) Damage to Apartment or Building | 13 |
| | (2) Insurance | 13 |
| | (3) Lessor's Immunities | 14 |
| | (4) No Rent Abatement for Inconvenience | 14 |
| | (5) Lease Subordinate to Mortgage | 15 |
| | (6) Lessor's Right of Entry | 15 |
| | (7) No Waiver by Lessor | 16 |
| | (8) Collection of Rent from Assignee or Subtenant | 16 |
| | (9) Notices | 17 |
| | (10) Oral Representations Not Binding | 17 |
| | (11) Mechanics' Liens | 17 |
| | (12) Failure to Deliver Possession | 18 |
| | (13) Condemnation | 18 |
| | (14) Floor Plans | 18 |

| | | |
|---|---|---|
| | (15) Written Notice Condition Precedent to Lessor's Liability | 19 |
| | (16) Permission to Show Apartment | 19 |
| | (17) Assignment of Lessor's Rights Against Occupants | 19 |
| | (18) Cancellation of Prior Agreement | 19 |
| | (19) Lessor's Right to Remedy Lessee's Defaults | 20 |
| | (20) Removal of Fixtures and Other Items | 20 |
| 5 | LESSOR'S DUTIES AND OBLIGATIONS | 20 |
| | (1) Lessor's Maintenance and Repairs | 21 |
| | (2) Services by Lessor; Electricity | 21 |
| | (3) Quiet Enjoyment | 22 |
| 6 | DEFAULTS AND CONSEQUENCES THEREOF | 22 |
| | (1) Lessor's Option to Terminate Lease | 22 |
| | (2) Lessor's Rights Upon Default | 24 |
| | (3) Lessor's Rights in Event of Default by Lessee During Subletting | 25 |
| | (4) Surrender of Certificates | 25 |
| | (5) Waiver by Lessee of Right of Redemption | 25 |
| | (6) Waiver of Trial by Jury and Counterclaims | 26 |
| | (7) Reimbursement of the Lessor's Fees and Expenses | 26 |
| | (8) Storage Space and Laundry | 26 |
| 7 | LESSEE'S CAPITAL STOCK | 27 |
| | (1) When Transferable | 27 |
| | (2) Lessor's Lien | 27 |
| | (3) Holder of Record | 27 |
| | (4) Endorsement on Stock Certificates | 28 |
| 8 | RULES FOR ASSIGNMENTS AND TRANSFERS | 28 |
| 9 | LESSOR'S ADDITIONAL REMEDIES | 29 |
| 10 | CONTINUANCE OF THE LESSOR AS A COOPERATIVE | 29 |
| 11 | PLEDGE OF SHARES OF STOCK AND LEASE; RECOGNITION AGREEMENT | 30 |
| 12 | SHAREHOLDER VOTING | 31 |
| 13 | LESSEE'S OPTION TO CANCEL | 31 |

14 DOGS AND OTHER ANIMALS .......................... 32

15 REGROUPING OF SPACE;
ALLOCATION OF ADDITIONAL SHARES ................ 33

16 AMENDMENT OF LEASE .............................. 33

17 MISCELLANEOUS PROVISIONS ........................ 34
(1) Entire Agreement ................................ 33
(2) Modifications to be in Writing .................. 34
(3) Descriptive Headings ............................ 34
(4) Lessee More Than One Person ..................... 34
(5) Effect of Partial Invalidity .................... 34
(6) Pronouns and Plurals ............................ 34
(7) Governing Law ................................... 34
(8) To Whom Lease Applies ........................... 34

# PROPRIETARY LEASE

**PROPRIETARY LEASE,** made as of October 16, ~~199~~ 2001, by and between **SEWARD PARK HOUSING CORPORATION,** a New York corporation having an office at 413 ~~465~~ Grand Street, New York, New York 10002, hereinafter called the Lessor, and Joshua Shainberg and Laryssa Shainberg, hereinafter collectively called the Lessee.

**WHEREAS,** the Lessor owns and operates, upon a cooperative basis, a housing development located in the State, City and County of New York (hereinafter referred to as the "Development"), which contains residential apartments and other spaces at the street numbers 208/210/212/264/266/268 East Broadway and 383/385/387/413/415/417 Grand Street, (hereinafter referred to as the "Building(s)"), as well as two separate commercial/retail buildings, one office building, a garage, sitting areas, playgrounds, parking areas, and related facilities, and

**WHEREAS,** the Lessee is the owner of 39 shares of the capital stock of the Lessor, to which shares this lease is appurtenant and which have been allocated to Apartment L806 in the Building at street number 385 Grand Street, New York, New York, (hereinafter referred to as the "Apartment"),

**NOW, THEREFORE,** in consideration of the premises and of the covenants and agreements hereinafter provided, the Lessor hereby leases to the Lessee, subject to the terms and conditions hereinafter expressed, and the Lessee hereby hires and takes from the Lessor, the Apartment listed above to be used and occupied as a strictly private dwelling and not otherwise by the Lessee and such others as are expressly permitted under this lease,

**TO HAVE AND TO HOLD** the Apartment, with the appurtenances, unto the Lessee and the executors, administrators and legal representatives of the Lessee and unto such assigns of the Lessee as may be authorized hereunder, for a term to commence on the date of this lease, and to end on the 31st day of December, 2096 (unless sooner terminated, or unless the lease shall sooner expire, as hereinafter provided) at an annual rent (sometimes herein referred to as "maintenance") equal to the Lessee's Proportionate Share of the Cash Requirements of the Lessor, as said terms are hereinafter defined, together with additional rent and other fees and charges as herein provided.

## 1. CASH REQUIREMENTS.

The cash requirements (the "Cash Requirements") of the Lessor for each year (for the purposes hereof each year shall be deemed to be the Lessor's then fiscal year) are hereby defined and shall be deemed to be such aggregate sum as the Board of Directors of the Lessor from time to time shall determine in its judgment is to be paid by all the lessees under proprietary leases then in force on account of the estimated expenses and outlays of the Lessor to the close of such

**IN WITNESS WHEREOF,** the parties have executed this lease the day and year first above written.

**SEWARD PARK HOUSING CORPORATION**

**By:** Donald West
**President/~~Vice President~~**

______________________ **Lessee**

______________________ **Lessee**

______________________ **Lessee**

eward Park 36070-3

- 35 -

GRAUBARD DECL. EX. 17

SEC137

SP0041

State of New York )
ss:
County of New York )

On the 27th day of JUNE, 2001 before me, the undersigned, personally appeared DONALD WEST- PRESIDENT, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Vivian Robinson

Signature and Office of Individual
Taking Acknowledgement

VIVIAN ROBINSON
Notary Public, State of New York
No. 01RO5073634
Qualified In Bronx County
Commission Expires March 03, 2003

State of New York )
ss:
County of New York)

On the 16 day of October, 2001 before me, the undersigned, personally appeared Joshua Shainberg & Laryssa Shainberg, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Anastasia M. Tsongas

Signature and Office of Individual
Taking Acknowledgement

ANASTASIA M. TSONGAS
Notary Public, State Of New York
No. 01TS6059341
Qualified In Queens County
Commission Expires May 29, 2003

Joshua Shainberg
385 Grand Street
Apartment L-806
New York, N.Y. 10002
212-[redacted] Home
212-[redacted] fax
917-[redacted] cellular

REDACTED

February 2, 2003
Seward Park Housing Corp.
413 Grand Street
New York, New York 10002

Dear Management and Ms. Vivian Robinson,

I, Laryssa Shainberg, am accepting the request of my husband, Joshua Shainberg, that his name be removed from our stock certificate. The original number is 2002. Our apartment number is L806. This is a mutual decision on both our parts.

Sincerely,

Laryssa Shainberg

Mazen Karnaby
Notary Public, State of New York
No. 1KA6085541
Qualified in Kings County
Commission Expires Dec 30 2006

PLAINTIFF'S
EXHIBIT
13
2-27-07 LR

Joshua Shainberg
385 Grand Street
Apartment L-806
New York, N.Y. 10002
212-[REDACTED] Home
212-[REDACTED] fax
917-[REDACTED] cellular

REDACTED

February 2, 2003
Seward Park Housing Corp.
413 Grand Street
New York, New York 10002

Dear Management and Ms. Vivian Robinson,

This letter authorizes the Management and/or Seward Park Housing Corp. to transfer all my rights and title to 385 Grand Street, Apartment L-806. I am requesting that my name be taken off the certificate and only the name of my wife remain on the certificate. The certificate number is # 2002.

Sincerely,

Joshua Shainberg

Joshua Shainberg

Mazen Kamaby
Notary Public, State of New York
No. 1KA6085541
Qualified In Kings County
Commission Expires Dec 30 200

PLAINTIFF'S EXHIBIT
14
2-27-07 L.R.

Laryssa D. Shainberg
385 Grand Street, L806
New York, N.Y. 10002
212-[REDACTED], 917-[REDACTED]cell

REDACTED

February 23, 2003
Board of Directors
Seward Park Housing Corp.
413 Grand Street
New York, N.Y. 10002

Dear Board of Directors,

Enclosed is my application for removing a name from a stock certificate. As you can see, I am reporting over five hundred thousand dollars in liquid assets ( mostly cash and money market). I have jointly filed with my husband since 1998. I have not worked between the end of 1999 and the middle of 2002. This was due to the birth of my two children. Since the middle of 2002 I have worked with 'Europhone' in Elmsford, New York. I have done mostly marketing consultation with them. It is not possible to get a letter from my previous employer as my employment there ended in 1998 and their 'structure' has changed. Nevertheless I am enclosing a copy of the W2/IRS form for that time. The remaining items you requested are provided with the application. It should be noted that some investment account statements may be reported on a quarterly basis.

Sincerely,

Laryssa D. Shainberg

PLAINTIFF'S
EXHIBIT
12
2-27-07 LR

# FINANCIAL STATEMENT

NAME(S): LARYSSA D. SHAINBERG

ADDRESS: 385 GRAND STREET #L806 N.Y. N.Y. 10002

The following is submitted as being a true and accurate statement of the financial condition of the undersigned on the 23rd day of February 20 03.

| ASSETS | Applicant | Co-Applicant |
|---|---|---|
| Cash in banks | 456,000 | |
| Money markets Funds | | |
| Contract Deposit | | |
| Investments: Bonds & Stocks -*see schedule* | 80,000 | |
| Investment in Own Business | | |
| Accounts and Notes Receivable | | |
| Real Estate Owned – see schedule | 450,000 | |
| Automobiles: Year Make | | |
| Personal Property & Furniture | 45,000 | |
| Life Insurance Cash Surrender Value | | |
| Retirement Funds/IRA | | |
| 401K | | |
| KEOGH | | |
| Profit Sharing/Pension Plan | | |
| Other Assets | | |
| TOTAL ASSETS | 1,031,000 | |
| COMBINED ASSETS | | 1,031,000 |

| LIABILITIES | Applicant | Co-Applicant |
|---|---|---|
| Notes Payable: | – | |
| To Banks | | |
| To Relative | | |
| To Others | | |
| Installment Accounts Payable | | |
| Automobile | | |
| Other | | |
| Other Accounts Payable | | |
| Mortgages Payable on Real Estate - – *see schedule* | | |
| Unpaid Real Estate Taxes | | |
| Unpaid Income Taxes | | |
| Chattel Mortgages | | |
| Loans on Life Insurance Policies (Include Premium Advances) | | |
| Outstanding Credit Card Loans | | |
| Other Debts – itemize | | |
| TOTAL LIABILITIES | 0 | |
| NET WORTH | 1,031,000 | |
| TOTAL LIABILITIES & NET WORTH | | |
| COMBINED | | $1,031,000 |

SOURCE OF INCOME

EUROPHONE USA

| | Applicant | Co-Applicant |
|---|---|---|
| Base Salary | $ | $ |
| Overtime Wages | $ | $ |
| Bonus & Commissions | $20,000 | $ |
| Dividends and Interest Income | $6850 | $ |
| Real Estate Income (Net) | $ | $ |
| Other Income-itemize | $ | $ |
| TOTAL | $26,850 | $ |

CONTINGENT LIABILITIES

| | |
|---|---|
| As Endorser or Co-maker on Notes | $ – |
| Alimony Payments (Annual) | $ – |
| Child Support | $ – |
| Are you defendant in any legal action? | NO |
| Are there any unsatisfied judgments? | NO |
| Have you ever taken bankruptcy? Explain: | NO |

GENERAL INFORMATION

| | Applicant | Co-Applicant |
|---|---|---|
| Personal Bank Accounts at CHASE MANHATTAN BANK | | |
| Savings & Loans Accounts at CHASE BANK | | |
| Purpose of Loan | | |

PROJECTED EXPENSES/MONTHLY

| | |
|---|---|
| Maintenance | $ 650 |
| Apartment Financing | $ |
| Other Mortgages | $ |
| Bank Loans | $ |
| Auto Loan | $ |
| TOTAL | $ 650 |

PLAINTIFF'S EXHIBIT 17 2-27-07 LR

GRAUBARD DECL. EX. 2

SEC142

SP0303

## SCHEDULE OF BONDS AND STOCKS

| AMOUT OF SHARES | DESCRIPTION (EXTENDED VALUATION IN COLUMN) | MARKETABLE VALUE | NON-MARKETABLE VALUE |
|---|---|---|---|
| 1196.2 | LIBERTY COLUMBIA HIGH YIELD FUND CLASS B | 10,050.00 | |
| 1196.9 | HARTFORD MIDCAP FUND CLASS A | 18,880.00 | |
| 3263.7 | ALLIANCE CBF BALANCED PORTFOLIO ALT B | 25,980.00 | |
| 3263.7 | ALLIANCE CBF BALANCED PORTFOLIO ALT B | 25,980.00 | |
| | | | |

## SCHEDULE OF REAL ESTATE

| DESCRIPTION AND LOCATION | COST | ACTUAL VALUE | MORTGAGE AMOUNT | MATURITY DATE |
|---|---|---|---|---|
| 3BR COOP 385 Grand St #L906 | | 450,000 | — | — |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## SCHEDULE OF NOTES PAYABLE

**Specify any assets pledged as collateral, including the liabilities they secure:**

| TO WHOM PAYABLE | DATE | AMOUNT | DUE | INTEREST | PLEDGE AS SECURITY |
|---|---|---|---|---|---|
| N/A | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

The foregoing application has been carefully prepared, and the undersigned hereby solemnly declare(s) and certify(s) that all information contained herein is true and correct.

Date: 02/23/ 20 03

Signature: [signature]

Date: ____________________ 20______

Signature: ____________________

March 29, 2003
The Board of Directors
Seward Park Housing Corp.
413 Grand Street
New York, N.Y. 10002

To whom it may concern,

I am taking all responsibility for current and future expenses and costs related to 385 Grand Street, Apartment L806.

Sincerely,

Joshua Shainberg

**DORSHA SAUL**
**Notary Public, State of New York**
**No. 01SA6081041**
**Qualified in Richmond County**
**Commission Expires October 28, 20**06

PLAINTIFF'S EXHIBIT
15
2-27-07 L.R.

PLAINTIFF'S EXHIBIT 31
5-16-07 LR

L806

NUMBER 2695

39 SHARES

INCORPORATED UNDER THE LAWS OF THE STATE OF NEW YORK

# SEWARD PARK HOUSING CORPORATION

The Corporation is authorized to issue 60,000 shares of Capital Stock of a par value of $100 each

THIS IS TO CERTIFY that Laryssa D. Shainberg

is (are) the owner(s) of 39 Shares of the capital stock of SEWARD PARK HOUSING CORPORATION of the par value of One Hundred Dollars ($100.) each, fully paid and non-assessable, transferable on the books of the Corporation by the holder(s) hereof in person or by duly authorized attorney upon surrender of this certificate together with a duly executed instrument of transfer.

The rights of any holder(s) hereof are subject to the Certificate of Incorporation and Bylaws of the Corporation and to the provisions of a certain Proprietary Lease made between the person(s) in whose name(s) this certificate is issued, as Lessee(s) and the Corporation, as Lessor, which include, *inter alia:*

(a) Article FOURTH of the Certificate of Incorporation, which provides that every holder of capital stock of the Corporation shall be entitled to one vote regardless of the number of shares held by such stockholder and that, for this purpose, all joint or common holders of the same shares shall be deemed to be one stockholder; and

(b) provisions of the Bylaws and Proprietary Lease which limit and restrict the rights of any transferee or assignee hereof, require the prior approval of the Board of Directors of the Corporation for any such transfer or assignment, provide that the shares represented by this certificate are transferable only as an entirety and only to an approved assignee of the Proprietary Lease, grant a right of first refusal to the Corporation in connection with any such transfer or assignment and fix maximum resale prices and transfer fees for any such transfer or assignment.

Copies of the Certificate of Incorporation, Bylaws and Proprietary Lease are on file and available for inspection at the office of the Corporation.

The directors of the Corporation may refuse to consent to the transfer of the shares represented by this certificate until any indebtedness of the holder(s) hereof to the Corporation is paid in full. The Corporation, by the terms of the Bylaws and Proprietary Lease, has a first lien on the shares represented by this certificate for all sums due and to become due under the Bylaws and/or the Proprietary Lease and for all other indebtedness from the holder(s) hereof.

IN WITNESS WHEREOF, the Corporation has caused this certificate to be signed by its duly authorized officers and its corporate seal to be hereunto affixed this 3rd day of April in the year 2003.

[signature]
SECRETARY OR TREASURER

[signature]
PRESIDENT OR VICE PRESIDENT

GRAUBARD DECL. EX. 23

SEC145 SP0245

# PROPRIETARY LEASE
# AND
# HOUSE RULES

**SEWARD PARK HOUSING CORPORATION**

**Lessee(s):** Laryssa A Shainberg

**Building Address:** 385 Grand Street

**Apartment No.:** L806

**Dated:** April 3, 2003

As approved at Special
Meeting of Shareholders held
On October 7-8, 1996

State of New York )
ss:
County of New York )

On the 3rd day of April, 2003 before me, the undersigned, personally appeared Steven Danenberg - President, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to within the instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Dorsha Saul

Signature and Office of Individual
Taking Acknowledgement

**DORSHA SAUL**
**Notary Public, State of New York**
**No. 01SA6081041**
**Qualified in Richmond County**
**Commission Expires October 28, 20 06**

State of New York )
ss:
County of New York )

On the 3rd day of April, 2003 before me, the undersigned, personally appeared LARYSSA Shainberg, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to within the instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

Dorsha Saul

Signature and Office of Individual
Taking Acknowledgement

**DORSHA SAUL**
**Notary Public, State of New York**
**No. 01SA6081041**
**Qualified in Richmond County**
**Commission Expires October 28, 20 06**

# PROPRIETARY LEASE

**PROPRIETARY LEASE,** made as of April 3, 2003, by and between **SEWARD PARK HOUSING CORPORATION**, a New York corporation having an office at 413 Grand Street, New York, New York 10002, hereinafter called the Lessor, and KARYSSA, hereinafter collectively called the Lessee.

**WHEREAS,** the Lessor owns and operates, upon a cooperative basis, a housing development located in the State, City and County of New York (hereinafter referred to as the "Development"), which contains residential apartments and other spaces at the street numbers 208/210/212/264/266/268 East Broadway and 383/385/387/413/415/417 Grand Street, (hereinafter referred to as the "Building(s)"), as well as two separate commercial/retail buildings, one office building, a garage, sitting areas, playgrounds, parking areas, and related facilities, and

**WHEREAS**, the Lessee is the owner of 39 shares of the capital stock of the Lessor, to which shares this lease is appurtenant and which have been allocated to Apartment L806 in the Building at street number 385 Grand Street, New York, New York, (hereinafter referred to as the "Apartment"),

**NOW, THEREFORE,** in consideration of the premises and of the covenants and agreements hereinafter provided, the Lessor hereby leases to the Lessee, subject to the terms and conditions hereinafter expressed, and the Lessee hereby hires and takes from the Lessor, the Apartment listed above to be used and occupied as a strictly private dwelling and not otherwise by the Lessee and such others as are expressly permitted under this lease,

**TO HAVE AND TO HOLD** the Apartment, with the appurtenances, unto the Lessee and the executors, administrators and legal representatives of the Lessee and unto such assigns of the Lessee as may be authorized hereunder, for a term to commence on the date of this lease, and to end on the 31st day of December, 2096 (unless sooner terminated, or unless the lease shall sooner expire, as hereinafter provided) at an annual rent (sometimes herein referred to as "maintenance") equal to the Lessee's Proportionate Share of the Cash Requirements of the Lessor, as said terms are hereinafter defined, together with additional rent and other fees and charges as herein provided.

## 1. CASH REQUIREMENTS.

The cash requirements (the "Cash Requirements") of the Lessor for each year (for the purposes hereof each year shall be deemed to be the Lessor's then fiscal year) are hereby defined and shall be deemed to be such aggregate sum as the Board of Directors of the Lessor from time to time shall determine in its judgment is to be paid by all the lessees under proprietary leases then in force on account of the estimated expenses and outlays of the Lessor to the close of such year or portion of such year for which such determination is made (after deducting any estimated rent or income to be received during such year other than rent under proprietary leases) growing out of or connected with the ownership, maintenance and operation of the Development, which sum shall include, among other things, taxes, assessments, water and sewer rates, insurance

**IN WITNESS WHEREOF,** the parties have executed this lease the day and year first above written.

**SEWARD PARK HOUSING CORPORATION**

**By:**____________________________
**President/~~Vice President~~**

____________________________
**Lessee**

____________________________
**Lessee**

____________________________
**Lessee**