ROGER L. FIDLER (RF-9997)
Attorney for Defendant
LARYSSA SHAINBERG
126 East 83rd Street, Suite 3B
New York, NY 10028
(212) 734-0470

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION

                Plaintiff,

- against-


JOSHUA S. SHAINBERG and
LARYSSA SHAINBERG,
                Defendants.

---

No. 07 Civ. 8814 (LLS)

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL**

The Defendant, LARYSSA SHAINBERG (hereinafter "Defendant"), by way of Answer to Complaint and Affirmative Defense in the above captioned matter says:

## SUMMARY

1.    Defendant admits that the Complaint purports to state a claim to enforce a judgment obtained by Plaintiff against Joshua S. Shainberg in 2006. The Defendant is without information sufficient to admit or deny the remaining allegations in paragraph 1 of the Complaint.

2.    Defendant is without information sufficient to admit or deny the allegations in paragraph 2 of the Complaint except for the allegations that there were fraudulent transfers to a Defendant, which allegations Defendant denies.

3.    Defendant admits the allegations in paragraph 3 of the Complaint.

4. Defendant is without information sufficient to admit or deny the allegations in paragraph 4 of the Complaint.

5. Defendant is without information sufficient to admit or deny the allegations in paragraph 5 of the Complaint.

6. Defendant admits that the formal transfers of the Apartment took place in 2001 and 2003. However, the obligation to make those transfers took place in June 1997. To the extent that the allegations of paragraph 6 disputes that fact, they are denied.

7. Defendant denies the allegations in paragraph 7 of the Complaint.

8. Defendant denies the allegations in paragraph 8 of the Complaint.

9. Defendant denies the allegations in paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10. Defendant admits the allegations in paragraph 10 of the Complaint.

11. Defendant admits that venue is proper in this district.

## DEFENDANTS

12. Defendant admits all of the allegations of paragraph 12 of the Complaint.

13. Defendant admits that she, age 38 resides at 385 Grand Street, Apartment L-806, New York, New York 10002. Defendant admits that she married Joshua S. Shainberg on June 5, 1998.

## FACTS

A. Defendant admits that Plaintiff investigated violations of the Federal Securities Laws by Joshua S. Shainberg. Defendant admits that Plaintiff brought suit against Joshua S. Shainberg. Defendant is without information sufficient to admit or deny the allegations of Heading A of the Complaint.

14. Defendant is without information sufficient to admit or deny the allegation in paragraph 14 of the Complaint.

15. Defendant admits the allegations of paragraph 15 in the Complaint.

16. Defendant admits that Plaintiff served a subpoena *duces tecum* on Joshua S. Shainberg dated August 6, 1996. Defendant is otherwise without information sufficient to admit or deny the remaining allegations of paragraph 16 of the Complaint.

17. Defendant admits Joshua S. Shainberg, pursuant to the subpoena *duces tecum*, gave sworn testimony to the Plaintiff's staff in connection with the Investigation. Defendant is otherwise without information sufficient to admit or deny the remaining allegations of paragraph 17 of the Complaint.

18. Defendant is without information sufficient to admit or deny the allegation in paragraph 18 of the Complaint.

19. Defendant is without information sufficient to admit or deny the allegation in paragraph 19 of the Complaint.

20. Defendant is without information sufficient to admit or deny the allegations in paragraph 20 of the Complaint.

21. Defendant is without information sufficient to admit or deny the allegation in paragraph 21 of the Complaint.

22. Defendant is without information sufficient to admit or deny the allegation in paragraph 22 of the Complaint.

23. Defendant admits that Joshua S. Shainberg was served with the summons and Complaint in the Civil Injunctive Action on December 2, 1999.

24. Defendant is without information sufficient sufficient to admit or deny the allegations of paragraph 24 of the Complaint.

25. Defendant is without information sufficient to admit or deny the allegations in paragraph 25 of the Complaint.

26. Defendant is without information sufficient to admit or deny the allegations in paragraph 26 of the Complaint.

**B.** Defendant admits that Joshua S. Shainberg obtained equitable ownership of the Apartment

27. Defendant admits the allegations in paragraph 27 of the Complaint.

28. Defendant admits the allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant admits the allegations in paragraph 30 of the Complaint.

**C.** Defendant admits that Joshua S. Shainberg entered into a Pre-Nuptial Agreement with and married Defendant. Defendant denies the remaining allegations of Heading C of the Complaint.

31. Defendant admits the allegations in paragraph 31 of the Complaint.

32. Defendant is without information sufficient to admit or deny the allegations in paragraph 32 of the Complaint.

33. Defendant admits that there was a financial provision in the Pre-Nuptial Agreement to transfer the Apartment to Defendant upon Joshua S. Shainberg obtaining record title to the Apartment. Defendant denies the remaining allegations in paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint states legal conclusions as to which no responsive pleading is required. To the extent a response is required Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant is without information sufficient to admit or deny the allegations in paragraph 35 of the Complaint.

36. Defendant admits that Joshua S. Shainberg and Defendant were married on June 5, 1998.

**D.** Defendant admits that Joshua S. Shainberg obtained and transferred record title to the Apartment.

37. Defendant is without information sufficient to admit or deny the allegation in paragraph 37 of the Complaint.

38. Defendant admits that in 2001, Joshua S. Shainberg requested that the Seward Park Board of Directors approve the transfer of record title to the Apartment from Nuta Shainberg, deceased, to Joshua S. Shainberg and Defendant as joint tenants with right of survivorship.

39. Defendant admits the allegations in paragraph 39 of the Complaint, except that Defendant denies that Joshua Shainberg had sole equitable title to the apartment.

40. Defendant denies the allegation in paragraph 40 of the Complaint.

41. Defendant admits that in 2003, Joshua S. Shainberg and Defendant requested that the Seward Park Board of Directors permit the further transfer of the Apartment solely to Defendant. Defendant further admits that the Seward Park Board of Directors approved the 2003 application. Defendant further admits that on or about April 3, 2003 Joshua S. Shainberg transferred his one-half interest in the Apartment to

5

Defendant. Defendant is without further information sufficient to admit or deny the remaining allegation in paragraph 41 of the Complaint.

42. Defendant denies the allegation in paragraph 42 of the Complaint.

43. Defendant admits that as a result of the 2001 and 2003 transfers of the Apartment from Joshua S. Shainberg to Defendant, Defendant became the sole owner of record title in and to the Apartment.

**E.** Defendant admits that she obtained a loan secured by the Apartment and purchased the Fallsburg property with a portion of the loan proceeds, but denies the remaining allegations in Heading E. of the Complaint.

44. Defendant admits that on or about November 21, 2005, Defendant obtained a loan for $250,000, secured by the Apartment, from Emigrant Mortgage Company, Inc.

45. Defendant admits that on or about December 23, 2005, Laryssa Shainberg purchased the real property known as # 57 Vacation Village Townhouse Road, Loch Sheldrake, New York 12759, situated in the Village of Loch Sheldrake, Town of Fallsburg, County of Sullivan, and State of New York (the "Fallsburg Property"). Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 45 of the Complaint.

46. Defendant admits that she used a portion of the proceeds obtained from the loan secured by the Apartment to purchase the Fallsburg Property.

## ANSWERS TO CLAIMS FOR RELIEF

### COUNT I

47. Defendant incorporates by reference her responses to paragraphs 1-46 as if set forth herein.

48. Defendant admits that Joshua S. Shainberg transferred or caused to be transferred to Defendant a one-half interest in and to the Apartment on or about October 16, 2001, and at the time Joshua S. Shainberg transferred or caused to be transferred to Defendant a one-half interest in and to the Apartment on or about April 3, 2003, Joshua S. Shainberg was a defendant in the Civil Injunctive Action, an action brought by the Plaintiff and seeking money damages by way of disgorgement.

49. Defendant denies the allegations of paragraph 49 of the Complaint.

50. Defendant denies the allegations of paragraph 50 of the Complaint.

51. Defendant admits that on or about March 9, 2006, Plaintiff obtained a Judgment against Joshua S. Shainberg. Defendant is without further information sufficient to admit or deny the remaining allegations in paragraph 51 of the Complaint.

52. Defendant is without further information sufficient to admit or deny the remaining allegation in paragraph 52 of the Complaint.

53. Defendant denies the allegation in paragraph 53 of the Complaint.

## COUNT II

54. Defendant incorporates by reference her responses to paragraphs 1-53 as if set forth herein.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

59. Defendant admits that on or about March 9, 2006, Plaintiff obtained a Judgment against Joshua S. Shainberg, but is without information sufficient to admit or deny the remaining allegation in paragraph 59 of the Complaint.

60. Defendant is without information sufficient to admit or deny the allegation in paragraph 60 of the Complaint.

61. Defendant denies the allegation in paragraph 61 of the Complaint.

## COUNT III

62. Defendant incorporates by reference her responses to paragraphs 1-61 as if set forth herein.

63. Defendant denies the allegations in paragraph 63 of the Complaint.

64. Defendant denies the allegations in paragraph 64 of the Complaint.

65. Defendant admits that on or about March 9, 2006, the Plaintiff obtained a Judgment against Joshua S. Shainberg. Defendant is without information sufficient to admit or deny the remaining allegations in paragraph 65 of the Complaint.

66. Defendant is without information sufficient to admit or deny the allegations in paragraph 66 of the Complaint.

67. Defendant denies the allegations in paragraph 67 of the Complaint.

## DEFENSES

### FIRST DEFENSE (CONSIDERATION)

Plaintiff's claims are barred in whole or in part because Defendant is protected by the Pre-Nuptial Agreement which is recognized under New York Common law.

### SECOND DEFENSE (F.D.C.P.A. - EXEMPT PROPERTY)

Plaintiff's claims are barred in whole or in part because Defendants are protected by one or more of the exemptions in 28 U.S.C.A. §3101 (d) and/or 28 U.S.C.A § 3014(a)(1),

§3014(a)(2)(A), §3014(a)(B) and/or §3014(b)(3) of the Federal Debt Collection Procedure Act.

## RELIEF REQUESTED

**WHEREFORE**, Defendant, Laryssa Shainberg requests the following relief:

1. A judgment in favor of Defendant denying Plaintiff all relief requested in the Complaint in this action and dismissing Plaintiff's Complaint with prejudice;

2. That Defendant be awarded the costs of suits, including reasonable attorney's fees' and;

3. That the Court award Defendant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. P. 38(b), Defendants demand a trial by jury on all issues so triable.

Date: November 16, 2007                    Respectfully submitted,

                                                                                        __s/Roger L. Fidler_____
Roger L. Fidler ((RF-9997)
Attorney for Defendant
126 East 83rd Street, Suite 3B
New York, NY 10028
(212) 734-0470