ROGER L. FIDLER (RF-9997)
Attorney for Defendant
LARYSSA SHAINBERG
126 East 83rd Street, Suite 3B
New York, NY 10028
(212) 734-0470
rfidler0099@aol.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

- against -

JOSHUA S. SHAINBERG and
LARYSSA SHAINBERG,

    Defendants.

No. 07 Civ. 8814 (LLS)

AFFIRMATION OF
LARYSSA SHAINBERG

---

I, Laryssa Shainberg, hereby affirm under penalty of perjury that the following statements are true.

1. I am a defendant in the above captioned matter.

2. I reside at 385 Grand Street, Unit L-806, New York, NY 10002.

3. I am submitting this Affidavit in opposition to Plaintiff's Order to Show Cause and any other motions made by Plaintiff attempting to garnish or otherwise attach, levy, compel conveyance or force the sale of the cooperative apartment known as Unit L-806, 385 Grand Street, New York, NY 10002 (the "Apartment") that belongs to me.

4. During 1991 I meet and began to have a relationship with my future husband and co-defendant Joshua Shainberg.

5. After at least five years of dating and later co-habiting, I expressed the necessity of getting married if the relationship was to continue. He agreed to marry and during 1996 we were supposed to announce our engagement. He was supposed to have bought an engagement ring. However, when the time came to announce the engagement to friends and family, Joshua disappeared. At that point I considered the relationship to be at an end. After much cajoling, apologizing and general groveling befitting the situation I took him back and we proceeded with the plans for the marriage.

6. A pre-requisite to the marriage from Joshua's point of view was my conversion to Judaism. See Attached Exhibit A. I undertook that process approximately three years before the marriage in June, 1998. See Attached Exhibit B and the Affidavit of Rabbi Bomzer. This process cost me about $30,000 and wedding expenses that I paid ran about another $10,000.

7. In light of the prior history of my inconstant fiancé, I demanded, and in January 1997, got, a prenuptial agreement that was somewhat contentiously negotiated. During these negotiations there was no mention whatsoever about any legal problems my fiancé may have. I demanded ownership of the Apartment and ultimately that was about all I got. At the time the Apartment had little value but to me it was a place to raise my children to be, the security of ownership of a place to live in New York City and a direct offset to the expense I was incurring to convert. I had been and periodically continued to be the main source of income for us.

8. Since Joshua only owned one third of the Apartment I demanded, and got, the agreement of his brothers to release their ownership in the Apartment to me. From the time Joshua signed the prenuptial agreement and the almost simultaneous agreements of

his brothers to cough up the remainder of the interests in the Apartment, I was the equity owner of the Apartment.

9.  The transfer of the Apartment to me was a classic nightmare of New York City real estate. Attached as Exhibit C are some of the documents outlining some of the problems associated with that transfer which was ultimately completed in 2002.

10.  I feel that I paid for that Apartment with my blood and there is no way that the transfer was done to avoid any creditor of Joshua's. It was done to give me security so that I would go through the tortuous and expensive conversion process and to give me some assurance that he would hang around after the wedding. The wisdom of this was demonstrated because twice, once two days before one of the planned wedding dates, he again disappeared costing me more money for wedding arrangements. So far it seems to have worked. We have been married for nine years and have three boys.

11.  The house in upstate New York was acquired partially through a portion of the proceeds of a loan taken out using the Apartment as collateral. All of the loan payments that have been made on the mortgage have been made by me from my funds. None of these funds were given to me by my husband.

12.  I hereby affirm that the foregoing statements made by me are true. I understand that if any of the foregoing statements made by me are willfully false, I am subject to the penalties for perjury.

Dated November 15, 2007                     __s/Laryssa Shainberg_____
                                                           Laryssa Shainberg

# EXHIBIT A

## CONVERSION PROMISE

I, __Laryssa Shepherd__ residing at __438 W 49 St__ __NY NY__ do hereby promise and take an oath that I accept upon myself the entire body of mitzvot, Scriptural and Rabbinic (D'Oraitah and D'Rabbanan) as a prerequisite to my conversion to Judaism. I promise to live my life in accordance with the Torah-true, Orthodox interpretations and codifications of Jewish law. My acceptance of all the mitzvot, those I have learned as well as those yet unknown to me which I intend to learn, is unequivocal and without reservation.*

I pray that G-d bless me with success. As proof of my intentions, I hereby sign this promise in the presence of witnesses.

NAME: _Laryssa Shepherd_
DATE: _5/25/97_
PLACE: _Brooklyn NY_

WITNESS _Rabbi Irving Ebert_
WITNESS _Rabbi_ _____

* This includes **acceptance** of and the **strict** observance of:

1. Belief in One Invisible G-d and rejection of any other religion.
2. The yoke of the total mitzvah system (613), the Scriptual and Rabbinic.
3. The holy shabbat including "tehum Shabbat," and Muktza.
4. Kashruth in and out of the house.
5. The laws of family purity, Niddah, Mikva, modesty and yihud.
6. All the holidays, Scriptural and Rabbinic (and muktza).
7. Lighting candles (Shabbat and holiday).
8. Netilat yadayim, berakhot before and after eating.
9. Being part of the Jewish people.
10. Charity, love of Jews, love of Erez Yisrael.
11. Honesty, integrity, oaths, and fulfillment of promises.

# EXHIBIT B

ב"ה

הרב חיים זאב באמזער

# RABBI HERBERT W. BOMZER, EMERITUS
## YOUNG ISRAEL OF OCEAN PARKWAY

RESIDENCE:
1653 EAST 5TH STREET
BROOKLYN, N. Y. 11230
375-2220

## ת ע ו ד ת   ג ר ו ת

להיות לראיה ביד _לריסא שפרד_ מעיר _ניו יורק_

שבאה לחסות תחת כנפי אלוקי ישראל, שלמדה הדינים שעליה לקיים,
ובפנינו ב"ד חתומי מטה קבלה על עצמה עול מצוות וטבלה.
לשם גרות במקוה כשרה וכיום כדת וכדין. הרי היא מגרי
הצדק ומהיום והלאה ישראלית היא לכל דבר, ויקרא שמה
בישראל _ח' ו_כבה__ בת אברהם אבינו.
ולראיה על כל הנ"ל באנו על החתום כ"ח בחודש __אייר__
שנת תשנ"ז פה ברוקלין ניו יורק.

נאום: _____

ונאום: _____

ונאום: _____

This is to certify that on __18th__ day of __IYAR 5757__
corresponding to __MAY 25, 1997__ C.E., __LARYSSA SHEPHERD__
of __NEW YORK, NEW YORK__ entered the fold of
Israel.

She prepared herself adequately and, in presence of Beth Din,
she accepted the Jewish Faith without reservation. She
obligated herself to abide by all the laws and statues of the
Torah. On these conditions she immersed herself in the ritual
waters in the presence of the Beth Din and in accordance with
Jewish Law and practice.

Henceforth she is to be considered a full-fledged member of
Israel, in token whereof she shall be called __הילבכה__
__בת אברהם אבינו__.

RABBI _Herbert Bomzer_
RABBI _Joel David Zeff_
RABBI _Irving Chehl_

בס"ד

הרב חיים זאב באמזער
**RABBI HERBERT W. BOMZER**
YOUNG ISRAEL OF OCEAN PARKWAY
EMERITUS

RESIDENCE:
1653 EAST 5th STREET
BROOKLYN, NY 11230
(718) 375-2220

נחנו ב"ד התחומים מטה מאשרים ומקיימים

שמחת LARYSSA SHEPHERD אניא י/ר ך

באה לפנינו והביעה את דעתה ורצונה
להסתפח בתוך נחלת ישראל. ואחרי כל
הבחינות ובדיקות נוכחנו לדעת שבאמת
ובלב שלם רצונה לשמור לעשות ולקיים
את חוקי התורה הק' בכל פרטיה כדבעי
**על כן** הוסכמו למלאות את רצונה הטוב
ולעשות עמה הגיור כהלכה

**ונתגיירה** היום לפנינו כדת וכהלכה
בקבלת עול תורה ומצוות

ובטבילה במקווה כשירה עצהיו"ט
ויקרא שמה בישראל חי' ו/כבד    חחי'
בת אברהם אבינו ע"ה

ומהיום והלאה יש לה לה הדין ככל שאר גירי צדק בישראל

ועז באנו עה"ח היום ח' אייר תשנ"ג לפ"ק
פה עיר ברוקלין נ/א יורק

נאום הרב ... 
נאום ...
נאום רב יצחק לוי שלמה דין אברהם דין



בס"ד

הרב חיים זאב באמזר

# RABBI HERBERT W. BOMZER
## YOUNG ISRAEL OF OCEAN PARKWAY
### EMERITUS

RESIDENCE:
1653 EAST 5TH STREET
BROOKLYN, N.Y. 11230
375-2220

אור ליקו"ן

Dear ה' וכבוד

    Mazal Tov to you on your entrance into the glorious, eternal, chosen people of Israel of your own free will. The Bet Din which converted you made their decision based upon the sincere promises you made verbally and in writing to accept the entire body of Mitzvot without exception. We believed that your commitment to Judaism and strict observance would be fulfilled.

    However, our experience has made it imperative, especially when the convert lives far from New York, that Torah observance should be evident in the local home community. We, therefore, urge you to live your life and be a source of pride to your community and to the Jewish people. We shall, אי"ה, contact the Torah authorities in your home to ascertain your religious life-style during the coming year. Please be advised that in accordance with Rabbi Moses Feinstein זצ"ל, a convert who did not accept the commandments is not considered a convert at all, even <u>post facto</u> (bedi-avad) (Yoreh De'ah 1:157; 3.106; Even ha-Ezer 1:27, 4:16). The burden of proof is upon you to openly demonstrate loyalty to Torah and Halakhah to avoid possible annulment of the conversion.

    With best wishes for success, I am

Sincerely yours,

*[signature]*

Rabbi Herbert W. Bomzer

# EXHIBIT C

LAW OFFICES
# GOLDBERG, SCUDIERI & BLOCK, P.C.
45 WEST 45TH STREET · SUITE 1401
NEW YORK, NEW YORK 10036-4602

TELEPHONE: (212) 921-1600
TELECOPIER: (212) 840-3941

ALAN J. GOLDBERG*
DAVID G. SCUDIERI + +
PAUL S. BLOCK
MARK K. LINDENBERG*
JOHN D. ROBALINO + +
JASON L. ROTHMAN

* MEMBER OF THE N.Y., N.J. AND FLA. BARS
+ + MEMBER OF N.Y. AND N.J. BARS

September 22, 1999

City Marshal Danny Weinheim
2432 Grand Concourse
Bronx, New York 10458

Re: Shainberg v. Ganz
Civil Court New York County
Index Number L&T 94385/99

Dear Marshal Weinheim:

Please secure an eviction warrant as soon as possible pursuant to the annexed stipulation.

The stipulation provides that the warrant is to issue forthwith and execution is **stayed** until September 27, 1999.

For your information, I have also enclosed a copy of the Petition and Notice of Petition and our client's check payable to you in the amount Sixty-Five Dollars and Eight Cents ($65.08).

Best wishes.

Very truly yours,

GOLDBERG, SCUDIERI & BLOCK, P.C.

BY: ALAN J. GOLDBERG, ESQ.

Enclosure

AJG:/JSW/SHAINBER.1AB

IMPORTANT TO RESPONDENT(S) - IF YOU ARE DEPENDENT
UPON A PERSON IN THE MILITARY SERVICE OF
THE UNITED STATES OR THE STATE OF NEW YORK,
ADVISE THE CLERK IMMEDIATELY,
IN ORDER TO PROTECT YOUR RIGHTS.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART D, Room 830, 9:30am
---------------------------------------x
JOSHUA SHAINBERG, Individually and
as Administrator of the Estate of
Nuta Shainberg,

    Index No. L&T 094385/1999

    Petitioner -
    Proprietary Lessee-Landlord -
    Overtenant,

    -against-

<u>NOTICE OF PETITION</u>
<u>HOLDOVER (DWELLING)</u>

AARON GANZ
Apartment Number L-806
Eighth Floor
385 Grand Street
New York, New York 10002,

<u>Petitioner's Address</u>:
385 Grand Street
Apartment Number L-806
New York, New York 10002

    Respondent -
    Undertenant,

    -and-

"JOHN DOE",

    Respondent -
    Under-Undertenant.
---------------------------------------x

TO THE RESPONDENT(S) ABOVE NAMED AND DESCRIBED, in possession of the premises hereinafter described or claiming possession thereof:

PLEASE TAKE NOTICE, that a hearing at which you must appear will be held at the Civil Court of the City of New York, County of New York, Housing Part D, to be held at the Courthouse thereof, located at 111 Centre Street, New York, New York 10013, Borough of Manhattan, County, City and State of New York, on the <u>15th day of</u>

-1-

AJG:bf:shain991.np2

September, 1999, at 9:30 a.m., on the annexed Petition of Joshua Shainberg, verified on the 2nd day of September, 1999, which prays for a final judgment of eviction, awarding to the Petitioner the possession of premises designated and described as follows: six (6) rooms in Apartment Number L-806, located on the eighth (8th) floor of the premises known as and located at 385 Grand Street, New York, New York 10002, in the Borough of Manhattan, County, City and State of New York, and further granting to the Petitioner such other and further relief as is demanded in the Petition, which you must answer.

PLEASE TAKE FURTHER NOTICE, also that demand is made in the Petition herein for judgment against you, the Respondent-Undertenant, for the sum of any rental arrears, fair value and use and occupancy with interest thereon from the date due, and the costs and disbursements in this proceeding.

PLEASE TAKE FURTHER NOTICE, also that your answer may set forth any cognizable defense or counterclaim you may have against the Petitioner, except if precluded by law and prior written agreement.

PLEASE TAKE FURTHER NOTICE, also that if you shall fail at such time to interpose and establish any defense that you may have to the allegations of the Petition, you may be precluded from asserting such defense or the claim on which it is based in any other proceeding or action.

PLEASE TAKE FURTHER NOTICE, also that your answer may be made at the time of hearing specified above, unless this Notice of Petition and Petition is served upon you on or before September 7, 1999, in which event you must answer three (3) days before the Petition is noticed to be heard, either orally before the Clerk of the Court at his office or in writing by serving a copy thereof

AJG:bf:shain991.np2

upon the undersigned attorney for the Petitioner, and by filing the original of such written answer with proof of service thereof in the Office of the Clerk at least three (3) days before the time the Petition is noticed to be heard; in addition thereto, **YOU MUST APPEAR BEFORE THE COURT** at the time and place herein above set forth for the hearing.

PLEASE TAKE FURTHER NOTICE, also that under Section 745 of the Real Property Actions and Proceedings Law, you may be required by the Court to make a use and occupancy deposit or a use and occupancy payment to the Petitioner, upon your second request for an adjournment or if the proceeding is not settled within thirty (30) days of the first court appearance. Failure to comply with an initial rent deposit or payment order may result in the entry of a final judgment against you without a trial. Failure to make subsequent required deposits or payments may result in an immediate trial on the issues raised in your answer.

PLEASE TAKE FURTHER NOTICE, also that your failure to appear and answer may result in final judgment by default for the Petitioner for the relief and in the amount demanded in the Petition.

Dated:   New York, New York
         September 2, 1999

                                    s/   JACK BAER
                                         JACK BAER
                                    Clerk of the Civil Court
                                    of the City of New York

GOLDBERG, SCUDIERI & BLOCK, P.C.
*Attorneys for Petitioner-Proprietary
Lessee-Landlord-Overtenant*
45 West 45th Street, Suite 1401
New York, New York 10036-4602
(212) 921-1600

By: _____
     ALAN J. GOLDBERG, ESQ.

-3-

AJG:bf:shain991.np2

### THIRTY (30) DAY NOTICE OF TERMINATION

TO:  AARON GANZ                "JOHN DOE"
     UNDERTENANT                UNDER-UNDERTENANT
     385 Grand Street           385 Grand Street
     Apartment No. L-806        Apartment No. L-806
     New York, New York 10002   New York, New York 10002

RE: Premises: Apartment No. L-806, consisting of six (6) rooms on the 8th floor of the premises known as and located at 385 Grand Street, New York, New York 10002.

PLEASE TAKE NOTICE that the proprietary lessee/landlord /overtenant elects to terminate your undertenancy at the above described premises known as Apartment No. L-806, 385 Grand Street, New York, New York 10002, now held by you under monthly hiring. Unless you remove from said premises on or before August 31, 1999, the day upon which your term expires, the proprietary lessee/landlord/overtenant will commence summary proceedings under the statute to remove you from said premises for the holding over after the expiration of your term and will demand the fair market value of your use and occupancy of the premises during such holding over in an amount to be determined by the Court.

PLEASE TAKE FURTHER NOTICE that this notice supersedes any notices previously served upon you.

Dated: New York, New York
       July 26, 1999

Joshua Shainberg individually and as Administrator of the Estate of Nuta Shainberg, Pursuant to Certificate issued July 4, 1999 by the Surrogates Court of the County of New York Under Index No. 1998-2442, proprietary lessee/landlord/ overtenant

*[signature: Joshua Shainberg]*
By Joshua Shainberg

Attorneys for Landlord
Goldberg, Scudieri & Block, P.C.
45 West 45th Street, Suite 1401
New York, New York 10036
(212) 921-1600

ajg/pr/schaiberg.30d

2 Atty's

**Civil Court of the City of New York**
County of N.Y.
Part D    Date 9/21/99

Index Number L+T 94385/99
Hon. FITZPATRICK

SHAINBERG,

              Plaintiff(s)/Petitioner(s),
against

GANZ

              Defendant(s)/Respondent(s)

**STIPULATION OF SETTLEMENT**
*The parties understand that each party has the right to a trial, the right to see a Judge at any time and the right not to enter into a stipulation of settlement. However, after a review of all the issues, the parties agree that they do not want to go to trial and instead agree to the following stipulation in settlement of the issues in this matter:*

RESP. CONSENTS TO A FINAL JUDGMENT OF POSSESSION WITH ISSUANCE OF WARRANT FORTHWITH - EXECUTION STAYED TO 9/27/99.

SIMULTANEOUSLY WITH THE EXECUTION OF THIS STIPULATION THE P HAS DEPOSITED THE SUM OF $8000.00 (EIGHT THOUSAND DOLLARS) INTO THE P ATTY'S ESCROW ACCOUNT.

) ON THE EXPRESS CONDITION THAT R SURRENDERS THE KEYS TO THE SUBJECT APT *VOLUNTARILY* & VACATES SAME IN BROOM CLEAN CONDITION REASONABLE WEAR & TEAR EXCEPTED AND LEAVE ALL OF THE P's FURNITURE + POSSESSIONS IN THE SUBJECT APT ON OR BEFORE 5PM 9/27/99 TIME IS OF THE ESSENCE - THEN AND ONLY THEN P's ATTY WILL FORWARD THE ESCROW SUM TO THE R's ATTY'S ESCROW ACCT. ...

) VACATUR IS ... BE WAIVED BY THE PAYMENT OF THE R AND