ROGER L. FIDLER (RF-9997)
Attorney for Defendant
LARYSSA SHAINBERG
126 East 83rd Street, Suite 3B
New York, NY 10028
(212) 734-0470
rfidler0099@aol.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

- against -

JOSHUA S. SHAINBERG and
LARYSSA SHAINBERG,

    Defendants.

No. 07 Civ. 8814 (LLS)

AFFIDAVIT OF
JUDIT SZALOKI

---

STATE OF VIRGINIA  }
          } SS.:
COUNTY OF ABERMARLE }

  I, Judit Szaloki, being duly sworn upon oath, hereby deposes and says:

1. I am a friend of Laryssa and Joshua Shainberg.

2. I reside at Preston Avenue, Charlottesville, VA.

3. I am submitting this Affidavit in opposition to Plaintiff's Order to Show Cause and any other motions made by Plaintiff attempting to garnish or otherwise attach, levy, compel conveyance or force the sale of the cooperative apartment known as Unit L-806, 385 Grand Street, New York, NY 10002 (the "Apartment") belonging to Laryssa Shainberg.

4.  During January 1997, Laryssa and Joshua Shainberg were visiting with me in my Virginia home. During that visit they executed a prenuptial agreement, a copy of which is attached hereto as Exhibit A and which I signed as a witness to their signatures on the document.

s/Judit Szaloki
Judit Szaloki

Sworn and subscribed to before me
on this 15th day of November, 2007

s/Valerie D. Marsh
Valerie D. Marsh
Notary Public
Commonwealth of Virginia
My Commission expires March 31, 2011
Commission #187714

# EXHIBIT A

PREMARITAL AGREEMENT

This premarital agreement is made on the First day of January, 1997 between Joshua Shainberg and Laryssa Shepherd. Whereas the parties intend to marry under the laws of the State of New York and wish to set forth in advance of this marriage the rights and privileges that each will have in the property of the other in the event of death, divorce or other circumstances which results in the termination of the marriage. If the marriage continues, these terms are agreed to by both parties and the transfer and intent to transfer is effective as of today. Whereas the parties have disclosed to each other a full and complete disclosure of their assets as set forth in exhibit A.

Whereas both parties have consulted independant counsel of their own choosing and both parties have received a full and complete explanation of their legal rights, the consequences of entering into this agreement, and the rights they would possesss were it not for their voluntary entry into this agreement, and Whereas both parties have acknowledged that they have read and understand the agreement, have not been subject to any coercion, pressure or duress, believe this agreement to be fair and represent that their intentions with regard to their assets and to any estate that should result from their marriage.
The parties acknowledge and agree as follows:
1. Joshua Shainberg should transfer after marriage his interest to the cooperative at 385 Grand Street, Apartment L806, New York, N.Y.

GRAUBARD DECL. EX. 11



10002.

2. As Joshua Shainberg and his brothers, Abe and Mark are attempting through the Surrogate and Probate Courts to transfer their interest in this cooperative apartment to Joshua Shainberg from the estate of his parents, it is agreed that after this process Joshua Shainberg will transfer this apartment to Laryssa Shepherd. I, Laryssa Shepherd fully understand that this property will be transferred to me and because of the Court system it may take some tim

3. Both parties acknowledge that Joshua Shainbergs brothers have both consented to this transfer to me and are doing so because of the marriage. The reason that both brothers may have to transfer their interest to Joshua before he transfers the cooperative to me is based upon various New York surrogate issues as well as the intent of the brothers to make sure that the marriage goes forth.

4. In the event of divorce, Joshua Shainberg shall have no right to the cooperative apartment nor can ask Laryssa Shepherd to return this property to him.

5. Joshua Shainberg acknowledges that this transfer will not cause him in any way to become insolvent and he has independent assets.

6. Laryssa Shainberg comes into the marriage with substantial assets. Laryssa Shainberg will become her name at marriage.

7. ~~Joshua Shainberg will receive consideration for the transfer to Laryssa Shepherd of this cooperative apartment. The value of the property is no more than $15,000. Laryssa Shepherd will give $25,000. in art and $25,000. in stamps to Joshua Shainberg for this transfer, and is doing so immediately.~~

---

**GRAUBARD DECL. EX. 11**                              **SEC121**

~~These assets are fully owned by Laryssa Shepherd without lien, obligation or mortgage to these assets.~~

8. Both parties are currently employed and can contribute to the household at marriage.

9. This agreement is biding and benefit both parties, their successors, assigns and representatives.

10. This agreement shall be interpreted and enforced under the laws of the State of New York.

11. It is the desire of both parties that all provisions of this agreement be recognized in full force and effect. If any part of this agreement is held invalid or unenforceable then any provision of this agreement can be and should be regarded seperable. The intention of both parties are to be respected and the legal status of this agreement is duly executed by both parties.

Signed this First day of January, 1997.

FIANCE      *[signature: Joshua Steinberg]*

FIANCE      *[signature: Laryssa Shepherd]*

WITNESS     *[signature]*

WITNESS     *[signature]*

GRAUBARD DECL. EX. 11                              SEC122

EXHIBIT A

Laryssa Shainberg owns without obligation or lien 150,000 dollars worth of art and 150,000 dollars worth of stamps prior to marriage to Joshua Shainberg. Joshua Shainberg owns or will own after surrogate/probate and agreement with his brothers the cooperative apartment at 385 Grand Street, New York City. Joshua Shainberg also owns art, and other collectibles valued at over $50,000. Both parties are currently employed.

Dated January 1, 1997

*[signature]*
Joshua Shainberg

*[signature]*
Laryssa Shepherd

GRAUBARD DECL. EX. 11      SEC123